KELLER & BENVENUTTI LLP
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
Thomas B. Rupp (#278041)
(trupp@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 364 6793
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>**JADOOTV, INC.,**<br><br>- and -<br><br>**CLOUDSTREAM MEDIA, INC.,**<br><br>Debtors.<br><br>☑ Affects JadooTV, Inc.<br>☐ Affects CloudStream Media, Inc.<br>☐ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-41283 (WJL).* | Bankruptcy Case No. 19-41283 (WJL)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND FED. R. BANKR. P. 6003 AND 6004 FOR AUTHORITY TO PAY SECURITY DEPOSIT TO FEDERAL EXPRESS CORPORATION**<br><br>Date: July 17, 2019 (Requested)<br>Time: 10:30 a.m. (Pacific Daylight Time)<br>Place: United States Bankruptcy Court<br>      Courtroom 220<br>      1300 Clay Street<br>      Oakland, CA 94612 |

JadooTV, Inc. ("JadooTV") and CloudStream Media, Inc. ("CSM"), as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submit this Motion (the "Motion"), pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order authorizing JadooTV to enter into a post-petition letter agreement and provide a security deposit of $21,000 to Federal Express Corporation ("FedEx") in order to reinstate JadooTV's corporate shipping account with FedEx.

In support of this Motion, the Debtors submit the Declaration of Sajid Sohail (the "Sohail Declaration"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On May 31, 2019 (the "Petition Date"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in either of the Chapter 11 Cases.

As set forth in the Sohail Declaration, for the past eleven years, JadooTV has used the transportation services of FedEx to ship JadooTV's products to its customers. Historically, the cost of shipping through FedEx based on volume of shipments was about $40,000 per month. More recently, as a result of reduced sales, the Debtors' monthly cost of shipping through FedEx has been approximately $10,000.

Prior to the Petition Date, JadooTV paid for all services provided by FedEx, and to the Debtors' knowledge, FedEx does not have a prepetition claim against the Debtors.

On the date hereof, FedEx informed the Debtors that, solely as a result of the Debtors' filing of the Chapter 11 Cases, FedEx had suspended JadooTV's corporate account. FedEx further informed the Debtors that, as a condition to FedEx reinstating JadooTV's corporate account and continuing to ship on the same pricing as prior to the filing these Chapter 11 Cases, it required that JadooTV execute the letter agreement attached to the Sohail Declaration as Exhibit 1 (the "Post-Petition Letter Agreement"). In addition to requiring timely payment of all post-petition invoices, the letter agreement requires that JadooTV send to FedEx a security deposit in the amount of $21,000 to secure the Debtors' post-petition obligations to FedEx, which security deposit FedEx, in its sole discretion, may require be increased. FedEx also has required JadooTV to implement a secured form of payment such as EZ Debit to pay FedEx directly, which the Debtors have done.

### III. RELIEF REQUESTED

By this Motion, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors seek entry of an order authorizing JadooTV to enter into the Post-Petition Letter Agreement and provide a security deposit of $21,000 to FedEx in order to reinstate JadooTV's corporate shipping account with FedEx.

### IV. BASIS FOR RELIEF REQUESTED

The relief requested will ensure that the Debtors' operations will not be disrupted, which would be detrimental to their businesses and prospects for a successful reorganization. Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under section 363 of the Bankruptcy Code, a court may authorize a debtor to pay certain prepetition claims where a sound business purposes exists for doing so. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). The business judgment rule is satisfied where "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *See, e.g., Official Comm. of Subordinated Bondholders v.*

*Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)); *see also F.D.I.C. v. Castetter*, 184 F.3d 1040, 1043 (9th Cir. 1999) (the business judgment rule "requires directors to perform their duties in good faith and as an ordinarily prudent person in a like circumstance would"). "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). Courts in this District have consistently declined to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence, and have upheld a board's decisions as long as such decisions were made in good faith. *Scouler & Co., LLC v. Schwartz*, No. 11-CV-06377 NC, 2012 WL 1502762, at *4 (N.D. Cal. Apr. 23, 2012); *Berg & Berg Enterprises, LLC v. Boyle*, 178 Cal. App. 4th 1020, 1046 (2009).

The Court may also rely on its equitable powers under section 105 of the Bankruptcy Code to grant the relief requested in this Motion. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court may authorize the Debtors to enter into the Post-Petition Letter Agreement and provide a security deposit to FedEx because such relief is necessary for the Debtors to carry out their fiduciary duties under sections 1107(a) of the Bankruptcy Code. Under section 1107(a) of the Bankruptcy Code, "the debtor in possession has the same fiduciary duties and liabilities as a Trustee. When the debtor is a corporation, corporate officers and directors are considered to be fiduciaries both to the corporate debtor in possession and to the creditors." *In re Anchorage Nautical Tours, Inc.*, 145 B.R. 637, 643 (B.A.P. 9th Cir. 1992); *see also In re Curry & Sorensen, Inc.*, 57 B.R. 824, 828 (B.A.P. 9th Cir. 1986) ("[T]he debtor's directors bear essentially the same fiduciary obligation to creditors and shareholders as would a trustee for a debtor out of possession.").

The Debtors believe that FedEx's demands may be in violation of the automatic stay or in breach of FedEx's contractual obligations to the Debtors. Nevertheless, the Debtors submit that it is in their business judgment and in the best interest of the Debtors' estates, creditors, and other parties in interest

for the Debtors to enter into the Post-Petition Letter Agreement with FedEx and make a security deposit to FedEx as required by the Post-Petition Letter Agreement.

It is critical to the Debtors' business operations that JadooTV be able to ship its hardware to its resellers and customers on a timely basis as sales are made. Failure to do so could negatively impact the Debtors' goodwill with their resellers and customers and result in the loss of future sales revenue. The Debtors believe that even a delay of one week (or shorter) would have a damaging effect on the Debtors' relationship with their resellers and customers during this sensitive time following the filing of the Chapter 11 Cases.

Finding an alternative vendor to ship the Debtors' products is not feasible at this time. As described in the Sohail Declaration, at numerous times during the eleven years that the Debtors have shipped through FedEx, other shippers such as UPS have sought to provide shipping services to the Debtors, but the pricing terms that they offered could not compete with the pricing that the Debtors have with FedEx.

The Debtors have adequate funds to pay the security deposit to FedEx and continue to satisfy their post-petition administrative obligations.

## V. RESERVATION OF RIGHTS

Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. The Debtors reserve all of their rights, arguments, claims, and defenses against FedEx, including on the basis that FedEx's post-petition actions constituted a violation of the automatic stay and/or breached FedEx's contractual obligations to the Debtors.

## VI. IMMEDIATE ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 6003

Bankruptcy Rule 6003 provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a Bankruptcy Court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a

claim that arose before the filing of the petition" before twenty-one (21) days after the filing of the petition. As set forth above and in the Sohail Declaration, if JadooTV fails to enter into the Post-Petition Letter Agreement and make the security deposit to FedEx, FedEx will not reinstate JadooTV's corporate account. If that were to occur, the Debtors would have to make alternative shipping arrangements, which would be on more expensive pricing than those FedEx would provide to JadooTV through its corporate account. Moreover, in the meantime, the Debtors would face a delay in satisfying current orders, which could damage the Debtors' relationship with their resellers and customers (which have already been damaged by the events leading to the filing of these Chapter 11 Cases) and negatively impact sales revenue. Thus, the Debtors' failure to pay the security deposit to FedEx could severely impair the Debtors' ability to operate their businesses for the benefit of all parties in interest. Accordingly, the Debtors have satisfied the requirement for immediate entry of an order granting the relief requested herein pursuant to Bankruptcy Rule 6003.

## VII. REQUEST FOR BANKRUPTCY RULE 6004 WAIVERS

The Debtors request a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of the order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h). As explained above and in the Sohail Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and stay apply.

## VIII. NOTICE

Notice of the Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Tracy Hope Davis, Esq. and Jason Blumberg, Esq.); (ii) FedEx; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. In addition, the Debtors will send a copy of the Motion by e-mail to the known contact persons of the parties listed on each of the Debtors' lists of twenty (20) largest unsecured creditors in these Chapter 11 Cases. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 12, 2019

Respectfully submitted,

**KELLER & BENVENUTTI LLP**

By: */s/ Jane Kim*
       Jane Kim

*Attorneys for Debtors and Debtors in Possession*