KELLER & BENVENUTTI LLP
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
Thomas B. Rupp (#278041)
(trupp@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 364 6793
Fax: 650 636 9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| **In re:**<br>**JADOOTV, INC.,**<br>- and -<br>**CLOUDSTREAM MEDIA, INC.,**<br>**Debtors.**<br><br>☐ Affects JadooTV, Inc.<br>☐ Affects CloudStream Media, Inc.<br>☒ Affects both Debtors<br><br>* *All papers shall be filed in the Lead Case, No. 19-41283 (WJL).* | Bankruptcy Case<br>No. 19-41283 (WJL)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>***EX PARTE* MOTION OF DEBTORS FOR ORDER CONTINUING MATTERS SCHEDULED TO BE HEARD ON AUGUST 28, 2019**<br><br>[No hearing requested] |

JadooTV, Inc. ("JadooTV") and CloudStream Media, Inc. ("CSM"), as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submit this *ex parte* Motion (the "Motion"), pursuant to section 105(a) of title 11, United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "Local Rules"), for entry of an order continuing the matters currently scheduled to be heard in the Chapter 11 Cases on August 28, 2019, at 10:30 a.m. (Pacific time), to a hearing on September 4, 2019, at 10:30 a.m. (Pacific time).

In support of this Motion, the Debtors submit the Declaration of Jane Kim (the "Kim Decl."), filed contemporaneously herewith, and further respectfully submit as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District Court for the Northern District of California (the "Bankruptcy Local Rules"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On May 31, 2019 (the "Petition Date"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in either of the Chapter 11 Cases.

#### A. DISH Litigation

Prior to the Petition Date, on November 20, 2018, DISH Network L.L.C. ("DISH") filed a complaint for copyright infringement in the United States District Court for the Central District of California against the following defendants: JadooTV; its Chief Executive Officer, Sajid Sohail

Keller & Benvenutti LLP
650 California Street, Suite 1900
San Francisco, CA 94108

("Sohail"); a contractor named Haseeb Shah who did work for JadooTV through his employer, a third party called IDC Resources; and a reseller of JadooTV products, East West Audio Video, Inc., and its CEO Punit Bhatt. *See* Case No. 2:18-cv-09768-FMO-KS (C.D. Cal.) (the "Copyright Action"). DISH alleges in the Copyright Action that JadooTV and Sohail, in his capacity as agent for JadooTV, violated and continue to violate DISH's intellectual property rights. In addition to monetary damages, DISH seeks permanent injunctive relief against all defendants from distributing the content it alleges is protected.

With the filing of JadooTV's bankruptcy petition, the Copyright Action is now stayed as against JadooTV pursuant to the automatic stay, but DISH continues to pursue litigation based on substantially the same allegations against the other defendants, including Sohail. On August 19, 2019, DISH filed *DISH Network L.L.C.'s Motion for Relief from Stay Pursuant to 11 U.S.C. § 362(d) and Memorandum of Points and Authorities* [Dkt. No. 102] (the "Relief from Stay Motion"), seeking that the Court lift the automatic stay and permit DISH to prosecute the Copyright Action against JadooTV. The Relief from Stay Motion is scheduled to be heard on September 4, 2019, at 9:30 a.m. (Pacific time).

The Debtors also intend to file a motion shortly requesting that the Court stay further prosecution of the Copyright Action against Sohail during the pendency of the automatic stay in these Chapter 11 Cases as it applies to litigation of the Copyright Action against JadooTV, which the Debtors will seek to have heard expeditiously.

**B.    Matters Currently Scheduled to Be Heard On August 28, 2019**

On July 17, 2019, the Court held a status conference in these Chapter 11 Cases, and at the conclusion thereof, the Court continued the Status Conference to August 14, 2019, at 10:30 a.m. By order dated August 12, 2019, the Court further continued the Status Conference to August 28, 2019, at 10:30 a.m.

On August 7, 2019, the Debtors filed the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Authority to Enter Into Stock Purchase Agreement and Repurchase Securities* [Dkt. No. 87] (the "Stock Repurchase Motion") and the *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Authority to Advance Legal Fees and Other Defense Costs of Debtors' CEO* [Dkt. No. 89] (the "Defense Costs Motion"). By the Defense Costs Motion, the Debtors seek authority to honor CSM's

Indemnification Agreement with Sohail, and to advance the costs of Sohail's defense in the Copyright Action arising from his role as the Debtors' CEO and agent.

The Office of the United States Trustee (the "U.S. Trustee") [Dkt. No. 107] ("UST Opp.") and DISH [Dkt. No. 106] ("DISH Opp.") filed oppositions to the Defense Costs Motion. No oppositions to the Stock Repurchase Motion were filed by the response deadline. Both the Stock Repurchase Motion and the Defense Costs Motion are scheduled be heard on August 28, 2019, at 10:30 a.m. (Pacific time).

## III. RELIEF REQUESTED

By this Motion, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1, the Debtors seek entry of an order continuing the Status Conference and the hearings on the Stock Repurchase Motion and the Defense Costs Motion to September 4, 2019, at 10:30 a.m. (Pacific time), to be heard on the same date as the Relief from Stay Motion.

The Debtors submit that continuing the Status Conference, the Stock Repurchase Motion, and the Defense Costs Motion by one week so that it can be heard on the same date as the Relief from Stay Motion will be an efficient use of the resources of the Debtors, the Court, and all parties in interest.

Not only is there an identity of parties on the Defense Costs Motion and the Relief from Stay Motion, but there are also common issues that will be addressed on both matters, such that it would be a benefit to the Court for the matters to be heard on the same date. The oppositions to the Defense Costs Motion filed by DISH and the U.S. Trustee both argue that the Defense Costs Motion is deficient because the Debtors did not provide an estimate of the defense costs at issue (notwithstanding that the Debtors proposes that such legal fees and expenses would be subject to Court approval consistent with sections 330 and 331 of the Bankruptcy Code). *See* DISH Opp. at 5:17-22; UST Opp. at 8:6-11. The disposition of the Relief from Stay Motion (as well as any motion filed by the Debtors with respect to the stay against Sohail) will have a direct bearing on the extent to which Sohail will incur personal defense costs and any estimate that the Debtors will be able to make of such costs.

More tellingly, DISH argues that JadooTV can "sufficiently defend against DISH's claims without also advancing Sohail's legal expenses," pointing to its Relief from Stay Motion to suggest that "JadooTV would have ample opportunity to continue its defense against those claims." DISH Opp. at

7:28-8:4. If the Court denies the Relief from Stay Motion, DISH's argument falls on its face. It makes no sense for DISH to urge the Court to pre-judge the very matter that is up for hearing the following week.

The U.S. Trustee informed the Debtors that it consents to continuing the matters scheduled to be heard on August 28 to the hearing on September 4. DISH's counsel responded with an e-mail that simply stated, without further explanation, that "DISH Network would prefer to keep the hearings as scheduled by the parties, with the Chapter 11 Status Conference and the Debtors' Defense Cost Motion on August 28th, and DISH Network's Motion for Relief From Stay on September 4th." Kim Decl. ¶ 13.

## IV. NOTICE

Notice of the Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Tracy Hope Davis, Esq. and Jason Blumberg, Esq.); (ii) DISH; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 22, 2019

Respectfully submitted,

**KELLER & BENVENUTTI LLP**

By: */s/ Jane Kim*
      Jane Kim

*Attorneys for Debtors and Debtors in Possession*