Christopher P. Craven (*pro hac vice*)
christopher.craven@hnbllc.com
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Jonathan A. Shapiro (California Bar No. 257199)
jonathan.shapiro@bakerbotts.com
Tina V. Ngo (California Bar No. 324102)
tina.ngo@bakerbotts.com
BAKER BOTTS L.L.P.
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6204
Facsimile: (415) 291-6304

Attorneys for DISH Network L.L.C.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| **In re:**<br><br>**JADOOTV, INC.**<br><br>and<br><br>**CLOUDSTREAM MEDIA, INC.**<br><br>Debtors.<br><br>X Affects JadooTV, Inc.<br>　Affects CloudStream Media, Inc.<br>　Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case, No. 19-41283 (WJL).* | Bankruptcy Case<br>No. 19-41283 (WJL)<br><br>Chapter: 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**DISH NETWORK L.L.C.'S FOURTH STATUS REPORT REGARDING JADOOTV, INC.'S DOCUMENT PRODUCTION**<br><br>Date: December 4, 2019<br>Time: 10:30 a.m. (Pacific Daylight Time)<br>Place: United States Bankruptcy Court<br>Courtroom 220<br>1300 Clay Street<br>Oakland, CA 94612 |

DISH Network L.L.C. ("DISH"), as a creditor of debtor JadooTV, Inc. ("JadooTV") in the above-captioned Chapter 11 case, submits this Fourth Status Report Regarding JadooTV's Document Production with respect to DISH's prepetition Copyright Action,[1] in advance of the status conference scheduled for December 4, 2019 at 10:30 AM and as a supplement to DISH's First Status Report (Dkt. 162), Second Status Report (Dkt. 176), and Third Status Report (Dkt. 183).

## I. SUMMARY

In response to the Court's directive, JadooTV has produced 3,015 pages of documents—the first documents produced by JadooTV or its CEO, Sajid Sohail ("Sohail"), in the Copyright Action. Some of these documents show that the direct copyright infringer, co-defendant Haseeb Shah ("Shah"), was an employee or agent of JadooTV with a JadooTV email account and directly reports to Sohail. As an example, third party discovery shows that Shah's computer servers transmitting works that air on the Protected Channels in the video-on-Demand ("VOD") section of the Jadoo service were disabled on April 5, 2018. One of the documents produced by JadooTV shows that on the morning of the next day, a JadooTV employee sent an email to Shah and Sohail, titled "VOD and drama issues" and asked, "should we run a ticker saying we are aware of the problem and looking into it?."

However, JadooTV has not completely complied with the Court's Orders to produce documents in response to the few limited categories discussed at prior status conferences, and JadooTV has not given DISH a date by which it is going to complete production.

DISH requests the Court's assistance in requiring JadooTV to produce the following documents on or before December 31, 2019, so DISH can advance discovery in the Copyright Action, while waiting to see what JadooTV proposes as a restructuring plan:

(i)   the remaining eMedia documents from the eight previously identified custodians and Shah;

(ii)  sales and financial documents;

---

[1] *DISH Network L.L.C. v. JadooTV, Inc. et al.*, No. 2:18-cv-09768-FMO (KSx) (C.D. Cal.) (the "Copyright Action").

(iii) documents identifying JadooTV's owners and email addresses;

(iv) documents describing the overall manner in which JadooTV's Live channels are made available;

(v) documents concerning the SASP;

(vi) documents concerning the Protected Channels or Protected Channel VOD; and

(vii) documents providing a general overview of how VOD content is made available.

JadooTV should again be ordered to produce these documents and supplement its written discovery responses to identify the requests in which it contends no responsive documents exist.

## II. ARGUMENT & AUTHORITIES

### A. JadooTV failed to comply with the Court's orders to produce eMedia documents from eight custodians.

During the October 23, 2019 status conference, the Court ordered JadooTV to produce eMedia documents from eight custodians (Requests 3, 19, 21, 68-75, and 105). (Dkt. 176 at 3:20-4:15, n5; Dkt. 162 at 3:8-9; Notice of Electronic Filing of Oct. 23, 2019; Ferguson Decl. ¶ 3.) JadooTV produced some eMedia documents on November 8 and November 12, 2019. (Ferguson Decl. ¶ 5.) During the November 13, 2019 status conference, JadooTV confirmed that by the end of that week it would produce the remaining eMedia documents. (*Id.* ¶ 2, Ex. 1.) However, JadooTV did not produce additional documents until November 25, 2019, and those documents did not include eMedia documents. (*Id.* ¶ 3.)

### B. JadooTV failed to comply with the Court's orders to produce sales and financial documents.

During the October 23, 2019 status conference, the Court also ordered JadooTV to produce sales and financial documents (Requests 48, 51-53, 55, 59-61, and 63). (Dkt. 176 at 4:16-6:3; Notice of Electronic Filing of Oct. 23, 2019; Ferguson Decl. ¶ 5.) During the November 13, 2019 status conference, JadooTV confirmed that by the end of that week it would produce the sales and financial documents. (Ferguson Decl. ¶ 2, Ex. 1.) However, JadooTV did not produce additional documents until November 25, 2019, and those documents did not include JadooTV's sales and financial documents. (*Id.* ¶ 3.)

### C. JadooTV failed to comply with the Court's orders to produce five additional categories of documents.

During the October 2, 2019 status conference, the Court asked JadooTV how quickly it could produce the documents that it proposed to produce, and then directed JadooTV to produce these documents by October 9, 2019. (*See* Dkt. 176 at 2:9-11; Dkt. 162 at 3:1-11; 6:17-19; Ferguson Decl. ¶ 6.) JadooTV was to produce: (1) documents identifying JadooTV's owners and email addresses (Requests 1, 7); (2) documents describing the overall manner in which JadooTV's Live channels are made available (Request 17); and (3) documents concerning the South Asian Super Pack ("SASP") (Requests 14-16, 18, 20, 32, 35, 37, 41, 46, 57, 64, 76-81.) (Dkt. 162 at 2:12-20; Dkt. 176 at 2:16-20; Ferguson Decl. ¶ 6.) During follow up Court ordered meet and confers, JadooTV agreed to produce (4) all documents concerning the Protected Channels or Protected Channel VOD (Requests 24-28, 34, 38, 40, 45, 85), excluding customer communications, and (5) documents providing a general overview of how VOD content is made available (Request 23). (Dkt. 173 at 2:17-24; Ferguson Decl. ¶ 6.)

JadooTV failed to produce these five categories of documents, so during the November 13, 2019 status conference the Court again ordered JadooTV to produce them or provide supplemental written discovery responses stating no responsive documents exist, and JadooTV's counsel was "to file a Declaration regarding any documentation that were requested but that counsel does not have a record of." (Ferguson Decl. ¶ 2, Ex. 1; NEF of Nov. 13, 2019.) JadooTV has again failed to produce these five categories of documents, JadooTV has not supplemented its written discovery responses, and JadooTV's counsel failed to file a declaration. (Ferguson Decl. ¶¶ 3-4.)

### III. CONCLUSION

JadooTV's failure to comply with the Court's Orders of October 2, October 23, and November 13, 2019 warrant another order from the Court that on or before December 31, 2019, JadooTV must: (1) produce (i) the remaining eMedia documents from the eight previously identified custodians and Shah; (ii) sales and financial documents; (iii) documents identifying JadooTV's owners and email addresses; (iv) documents describing the overall manner in which JadooTV's Live channels are made available; (v) documents concerning the SASP; (vi) documents concerning the Protected Channels or Protected Channel VOD; and (vii) documents providing a

general overview of how VOD content is made available; and (2) supplement its written discovery responses to identify the requests in which it contends no responsive documents exist.

Dated: December 3, 2019              Respectfully Submitted,

**HAGAN NOLL & BOYLE LLC**

By: /s/ Stephen M. Ferguson
Stephen M. Ferguson (*pro hac vice*)
Attorneys for DISH Network L.L.C.

DISH's Fourth Status Report Regarding JadooTV's Document Production

4