KELLER & BENVENUTTI LLP
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
Thomas B. Rupp (#278041)
(trupp@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 364 6793
Fax: 650 636 9251

*Attorneys for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>**JADOOTV, INC.**,<br><br>Debtor. | Bankruptcy Case No. 19-41283 (WJL)<br><br>Chapter 11<br><br>**DECLARATION OF SAJID SOHAIL IN SUPPORT OF SECOND MOTION OF DEBTOR PURSUANT TO 11 U.S.C. § 1121(d) TO EXTEND EXCLUSIVE PERIODS**<br><br>Date: January 29, 2020<br>Time: 10:30 a.m. (Pacific Standard Time)<br>Place: United States Bankruptcy Court<br>   Courtroom 220<br>   1300 Clay Street<br>   Oakland, CA 94612 |

Keller & Benvenutti LLP
650 California Street, Suite 1900
San Francisco, CA 94108

I, Sajid Sohail, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am the Chief Executive Officer of JadooTV, Inc. ("JadooTV" or, the "Debtor").

2. I am knowledgeable and familiar with the Debtor's day-to-day operations, business, and financial affairs, and the circumstances leading to the commencement of the Debtor's chapter 11 case (the "Chapter 11 Case"). I am authorized to submit this Declaration on behalf of the Debtor. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by the Debtor or the Debtor's legal advisors, or my opinion based upon experience, knowledge, and information concerning the Debtor's operations. If called upon to testify, I would testify to the facts set forth in this Declaration.

3. This Declaration is submitted in support of the *Second Motion of Debtor Pursuant to 11 U.S.C. § 1121(d) to Extend Exclusive Periods* (the "Motion") filed concurrently herewith. The Motion seeks to extend the Exclusive Filing Period[1] to and including June 1, 2020, and the Exclusive Solicitation Period to and including July 31, 2020, without prejudice to the Debtor's right to seek additional extensions of such periods.

4. From the beginning of this Chapter 11 Case, I have attempted to pursue a transaction for the Debtor, in the form of a sale or investment, that would serve as the basis for a plan of reorganization. Although I have had productive discussions with potential investors or partners since the Petition Date, as of this filing, I have not identified a possible transaction that would allow the Debtor to successfully emerge from Chapter 11 without addressing the DISH Litigation or otherwise resolving the claims of DISH in this Chapter 11 Case.

5. Nevertheless, during this time, the Debtor's operations have stabilized, and the Debtor has operated successfully as a debtor in possession in Chapter 11. The Debtor has filed its monthly operating reports as they came due and has paid its quarterly fees to the U.S. Trustee. The Debtor has stabilized its business operations such that it is able to proceed with litigation of the Copyright Action.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

As such, the Debtor is prepared to consent to lifting the stay on the Copyright Action in order to liquidate DISH's claim, either through adjudication by the District Court or through a settlement with DISH, while continuing to pursue a transaction in furtherance of a Chapter 11 plan.

6. Because liquidation of the DISH clams will resolve a major contingency in this Chapter 11 Case, I believe it is in the best interests of the Debtor and its creditors that the Exclusive Filing Period be extended to June 1, 2020, and the Exclusive Solicitation Period be extended to a date 60 days later. I believe these extensions will allow the Debtor to proceed toward a resolution of the DISH Litigation, which will offer the best opportunity to formulate a resolution of this Chapter 11 case that is in the best interests of the Debtor's estate and its creditors.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury, that the foregoing is true and correct and that this declaration was executed at Pleasanton, California, on December 31, 2019.

/s/   *Sajid Sohail*
Sajid Sohail