Mark Punzalan (CA Bar No. 247599)
Email: mark@chanpunzalan.com
CHAN PUNZALAN LLP
2000 Alameda de las Pulgas, Suite 154
San Mateo, CA 94403
Telephone: 650.362.4150
Facsimile: 650.362.4151

*Attorneys for Debtor and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| **In re:**<br>**JADOOTV, INC.,**<br><br>                                    **Debtor.** | Bankruptcy Case No. 19-41283 (WJL)<br><br>Chapter 11<br><br>**SECOND INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CHAN PUNZALAN LLP FOR THE PERIOD OF OCTOBER 22, 2019 TO FEBRUARY 13, 2020**<br><br>Date: March 11, 2020<br>Time: 10:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>          Courtroom 220<br>          1300 Clay Street<br>          Oakland, CA, 94612 |

Chan Punzalan LLP ("Chan Punzalan" or the "Firm"), counsel for JadooTV, Inc. (the "Debtor") in the matters *DISH Network L.L.C. v. JadooTV, Inc.*, et al., 2:18-CV-09768- FMO-KS (C.D. Cal.) ("Copyright Action") and *DISH Network L.L.C. v. JadooTV, Inc.*, et al., 5:18-cv-05214-EJD (N.D. Cal.) ("Patent Action") hereby submits its Second Interim Fee Application (the "Interim Application") for allowance and payment of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred for the period commencing October 22, 2019 to February 13, 2020 (the "Interim Fee Period"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "Northern District Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

The Interim Application is based upon the points and authorities cited herein, the Declaration of Mark Punzalan filed concurrently herewith, the exhibits attached thereto, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Interim Application.

## CASE BACKGROUND AND STATUS

### A. The Debtor's Bankruptcy Proceedings and Pending Litigation

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 31, 2019 (the "Petition Date"). The Debtor is represented by Keller & Benvenutti LLP. As described in the *Declaration of Sajid Sohail in Support of First Day Motions and Related Relief* [Docket No. 10], the Debtor filed this Chapter 11 Case because of the negative impact that the copyright and patent infringement litigation brought by DISH Network LLC and certain related parties (the "DISH Litigation") had on the Debtor's sales revenue and legal expenses.

/ / /

/ / /

### B. The Debtor's Retention of Chan Punzalan

On September 5, 2019, the Court entered the *Order Authorizing Retention of Chan Punzalan LLP as Debtors' Litigation Counsel, Nunc Pro Tunc to July 1, 2019* [Docket No. 124] (the "Retention Order").

The Retention Order authorizes the Debtor to compensate and reimburse the Firm pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Northern District Guidelines. Subject to the Firm's application to the Court, the Debtor is also authorized by the Retention Order to compensate Chan Punzalan at the Firm's standard hourly rates for services performed and to reimburse it for actual and necessary expenses incurred. The Retention Order authorizes Chan Punzalan to render the legal services necessary to representing the Debtor in the Copyright Action and the Patent Action.

### C. The First Interim Application

Chan Punzalan filed its *First Interim Application for Compensation and Reimbursement of Expenses for the Period of July 2, 2019 to October 21, 2019* [Dkt. No. 178] (the "First Interim Application"), on October 23, 2019, seeking compensation and reimbursement of expenses for the period from July 2, 2019 to October 21, 2019 (the "First Interim Fee Period"). The First Interim Application contains a thorough description of the legal services performed by the Firm during the First Interim Fee Period. Chan Punzalan Applicant amended its Application to exclude $18,207.00 in fees incurred for work performed for Sajid Sohail. The Court held a hearing on the First Interim Application on November 13, 2019, and granted the amounts requested (after amendment) in full. See Dkt. No. 197, Order Granting First Interim Application for Compensation and Reimbursement of Expenses for Chan Punzalan LLP for the Period of July 2, 2019 to October 21, 2019 (allowing $45,037.50 in compensation and $309.36 in reimbursement of expenses for First Interim Fee Period). The Firm has been paid all fees and expenses allowed by the order granting the First Interim Application.

### D. The Interim Fee Period October 22, 2019 to February 13, 2020

For most of the Interim Fee Period, the Copyright Action remained stayed as to JadooTV and a standstill agreement was in place with respect to Sajid Sohail, JadooTV's CEO. From the beginning of this Chapter 11 Case, the Debtor has attempted to pursue a transaction, in the form of a sale or investment, that would serve as the basis for a plan of reorganization. Although the Debtor has had productive discussions with potential investors or partners since the Petition Date, as of the end of the Interim Fee Period, the Debtor had not identified a possible transaction that would allow it to successfully emerge from Chapter 11 without addressing the DISH Litigation or otherwise resolving the claims of DISH in this Chapter 11 Case.

During the Interim Fee Period, the Debtor required Chan Punzalan's assistance in working with DISH to provide limited discovery at the Court's direction. The parties agreed to lift the stay effective January 14, 2020. JadooTV produced 3,015 pages of documents to DISH before the automatic stay was formally lifted for the Copyright Action.

Just ten days after the stay was lifted, DISH filed its renewed motion to compel discovery in the Copyright Action. JadooTV filed an opposition to the motion. On February 11, 2020, JadooTV filed a motion to transfer venue to the Northern District of California. The basis for this motion to transfer venue is the same basis noted by Judge Olguin in an earlier order to show cause questioning why venue is proper in the Central District of California. Copyright Action, Docket No. 79.

### E. Professional Compensation and Reimbursement of Expenses

By this Interim Application, the Firm seeks interim allowance of compensation in the amount of $45,037.50 and actual and necessary expenses in the amount of $309.36 for a total allowance of $45,346.86 for the Interim Fee Period.

All services for which Chan Punzalan requests compensation were performed for or on behalf of the Debtor. Chan Punzalan has received no payment and no promises for payment from

any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Interim Application.

There is no agreement or understanding between Chan Punzalan and any other person other than the partners of Chan Punzalan for the sharing of compensation to be received for services rendered in these cases.

The Firm has billed the Debtor in this Chapter 11 Case in accordance with its existing billing rates and procedures in effect during the Interim Fee Period. These rates are the same rates Chan Punzalan charges for services rendered by its attorneys and paraprofessionals in comparable matters and are reasonable given the compensation charged by comparably skilled practitioners in similar matters in both the California and national markets.

**JURISDICTION**

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. section 157(b). Venue is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

**PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED**

During the Interim Fee Period, Chan Punzalan professionals and paraprofessionals expended 137.7 hours on behalf of the Debtor. Chan Punzalan's professionals and paraprofessionals bill at hourly rates ranging from $125 to $450. The names and hourly rates of the professionals and paraprofessionals of the Firm who expended time during the Interim Fee Period are as follows:

| Professional | Position | Date Admitted | Hourly Rate |
| --- | --- | --- | --- |
| Mark Punzalan | Partner | 2006 | $425 - $450 |
| Stephen Stanwood | Of Counsel | 2017 | $350 |
| Nicole Daryanani | Associate | 2019 | $350 |
| Erik Landaverde | Paralegal | N/A | $125 |

In accordance with the Northern District Guidelines and the Local Rules, the Firm has classified services performed into seven specific categories set forth below. Chan Punzalan has attempted to place the services provided in the category that best relates to such services; because certain services may relate to one or more categories, however, services pertaining to one category may in fact be included in another category.

The following chart summarizes project billing categories and the total hours expended for each category during the Interim Fee Period, and is followed by a narrative and detail.

| Category | Total Hours | Fees |
|---|---|---|
| A. Case Management Matters in Copyright Action | 8.9 | $2,907.50 |
| B. Communications with Co-counsel Regarding Bankruptcy Matter | 3.2 | $1,360.00 |
| C. Discovery Motions and Other Motions Relating to JadooTV | 32.3 | $11,855.00 |
| D. Case Management Matters in Patent Action | 1.2 | $515.00 |
| E. Settlement and ADR Discussions and Conferences | 14.7 | $5,642.50 |
| F. Discovery Production, Propounding and Conferences | 57.1 | $15,602.50 |
| G. Pleadings and Appearances in Bankruptcy Action | 20.3 | $7,155.00 |
| TOTAL: | 137.7 | $45,037.50 |

**A. Case Management Matters in Copyright Action**

This billing code relates to work performed by Chan Punzalan professionals with respect to the case management of the Copyright Action. As counsel of record in the Copyright Action, the Firm and its paraprofessionals handled all aspects of case management and logistics with respect to the Copyright Action, including (1) scheduling matters with the Central District of California, (2)

meeting and conferring with parties in interest regarding response deadlines; and (3) preparing notices and stipulations to be filed with the Central District of California.

| Professional or Paraprofessional | Hours | Fees |
|---|---|---|
| Mark Punzalan | 3.2 | $1,380.00 |
| Nicole Daryanani | 3.4 | $1,202.50 |
| Erik Landaverde | 2.3 | $325.00 |
| **Total** | **8.9** | **$2,907.50** |

B. **Communications with Co-counsel Regarding Bankruptcy Matter**

This billing code relates to all aspects of communications with Keller & Benvenutti regarding the Debtor's bankruptcy case. The Firm's role as the Debtor's counsel in the Copyright and Patent Actions necessitates frequent consultation with Keller & Benvenutti to keep the Chapter 11 Case and Copyright and Patent Actions running smoothly. This work involves communications relating to various hearings and scheduling issues, updates regarding the Copyright and Patent Actions, and strategy discussions regarding Debtor's bankruptcy case as it relates to the Copyright and Patent Actions.

| Professional or Paraprofessional | Hours | Fees |
|---|---|---|
| Mark Punzalan | 3.2 | $1,360.00 |
| **Total** | 3.2 | $1,360.00 |

C. **Discovery Motions and Other Motions Relating to JadooTV**

After the automatic stay was lifted on January 14, 2020, DISH filed a renewed motion to compel production, for which the Firm prepared a response for the Debtor. In February 2020, the Firm prepared and filed a motion to transfer venue of the Copyright Action to the Northern District of California. That motion remains pending.

| Professional or Paraprofessional | Hours | Fees |
|---|---|---|
| Mark Punzalan | 13.1 | $5,562.50 |
| Nicole Daryanani | 5.9 | $2,162.50 |
| Stephen Stanwood | 10.9 | $3,815.00 |
| Erik Landaverde | 2.4 | $315.00 |
| **Total** | **32.3** | **$11,855.00** |

D.  **Case Management Matters in Patent Action**

This billing code relates to work performed by Chan Punzalan professionals with respect to the case management of the Patent Action. As counsel of record in the Patent Action, the Firm and its paraprofessionals handled all aspects of case management and logistics with respect to the Patent Action. As the Patent Action is currently subject to the automatic stay, the work to be performed was limited during the Interim Fee Period. The Firm did engage in some settlement discussions with DISH to attempt to resolve the Patent Action.

| Professional or Paraprofessional | Hours | Fees |
|---|---|---|
| Mark Punzalan | 1.2 | $515.00 |
| **Total** | 1.2 | $515.00 |

E.  **Settlement and ADR Discussions and Conferences**

During the Interim Fee Period, the Firm engaged in settlement discussions with counsel of record in the Copyright Action. The Firm also conferred with other parties in interest regarding settlement discussions. The parties originally had a mediation scheduled in February with Jeffrey Kravitz of Fox Rothschild LLP, and the Firm prepared and submitted a mediation brief on behalf of JadooTV in advance of the scheduled mediation. After submission of the briefs, the mediation was continued to April 2020.

/ / /

| Professional or Paraprofessional | Hours | Fees |
|---|---|---|
| Mark Punzalan | 6.5 | $2,772.50 |
| Nicole Daryanani | 0.2 | $70.00 |
| Stephen Stanwood | 8 | $2,800.00 |
| **Total** | **14.7** | **$5,642.50** |

**F. Discovery Production, Propounding and Conferences**

At the time Chan Punzalan was retained, the Debtor had not engaged in any production of documents due to the automatic stay. While the automatic stay was pending as to the Debtor, the Firm assisted the Debtor with responding to the limited discovery requests of DISH that were agreed to by the parties under the standstill agreement. Chan Punzalan has worked extensively with DISH's counsel and the Debtor to produce documents to DISH in a manner that would not result in undue burden to Debtor as it underwent the bankruptcy process. Chan Punzalan has also engaged in numerous meet and confer attempts with DISH's counsel and has gathered documents for production to DISH's counsel. After the automatic stay was lifted, the Firm prepared discovery requests that JadooTV propounded on DISH.

| Professional or Paraprofessional | Hours | Fees |
|---|---|---|
| Mark Punzalan | 15.6 | $6,795.00 |
| Nicole Daryanani | 27.6 | $5,765.00 |
| Stephen Stanwood | 5.8 | $2,030.00 |
| Erik Landaverde | 8.1 | $1,012.50 |
| **Total** | **57.1** | **$15,602.50** |

**G. Pleadings and Appearances in Bankruptcy Action**

During the Interim Fee Period, Chan Punzalan worked with Keller & Benvenutti to prepare responses and pleadings in the Chapter 11 Case. These responses include status reports to the Court regarding discovery matters, fee applications, and other written updates to the Court. Additionally, Chan Punzalan attorneys appeared for certain status conferences and hearings in the

Chapter 11 Case to provide first-hand information to the Court regarding the status of the Copyright Action and the Debtor's litigation with DISH..

| Professional or Paraprofessional | Hours | Fees |
|---|---|---|
| Mark Punzalan | 15.3 | $6,530.00 |
| Erik Landaverde | 5 | $625.00 |
| **Total** | **20.3** | **$7,155** |

**EXPENSE SUMMARY**
**OCTOBER 22, 2019 THROUGH FEBRUARY 13, 2020**

As is its typical practice in chapter 11 cases, the Firm advanced costs on behalf of the Debtor in connection with the discharge of the duties described in the Interim Application. During the Interim Fee Period, Chan Punzalan incurred a total of $309.36 in expenses. These expenses, which include mailing of various motions, service of subpoenas, parking fees for various hearings, are reasonable and necessary to the smooth administration of this Chapter 11 Case. Receipts for all significant expenses have been provided to the Debtor.

**LEGAL BASIS FOR INTERIM COMPENSATION**

The professional services for which Chan Punzalan requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of Chan Punzalan's professional responsibilities as attorneys for the Debtor in this Chapter 11 Case and the Copyright Action and the Patent Action. Chan Punzalan's services have been necessary and beneficial to the Debtor and its estate, creditors, and other parties in interest.

In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Chan Punzalan respectfully submits that the amount requested by Chan Punzalan is fair and reasonable given the complexity of this Chapter 11 Case and the related Copyright Action and Patent Action, the time expended, the nature and extent of the services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, Chan

Punzalan has reviewed the requirements of the Northern District Guidelines, and the UST Guidelines and believes that the Interim Application complies with all of them except as specifically noted herein.

## AVAILABLE FUNDS

The Firm understands that the Debtor's estate has sufficient funds available to pay the fees and costs sought herein.

## NOTICE

Notice of the Interim Application has been provided to all creditors and parties in interest in this Chapter 11 Case. Chan Punzalan submits that, in view of the facts and circumstances of this Chapter 11 Case, such notice is sufficient and no other or further notice need be provided.

## CONCLUSION

Chan Punzalan respectfully requests an interim allowance to Chan Punzalan for compensation in the amount of $45,037.50 and reimbursement of actual and necessary expenses in the amount of $309.36 and an authorization for payment of a total allowance of $45,346.86 and for such other and further relief as this Court deems proper.

Dated: February 19, 2020      CHAN PUNZALAN LLP

*/s/ Mark Punzalan*
Mark Punzalan

*Attorneys for Debtor and Debtor in Possession*