KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 364 6793
Fax: 650 636 9251

*Attorneys for Debtor and
Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>**JADOOTV, INC.,**<br><br>Debtor. | Bankruptcy Case No. 19-41283 (WJL)<br><br>Chapter 11<br><br>**MOTION OF DEBTOR PURSUANT TO 11 U.S.C. § 365(a), FED. R. BANKR. P. 6006, AND L.B.R. 6006-1 TO REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**<br><br>Date: April 29, 2020<br>Time: 10:30 a.m. (Pacific Daylight Time)<br>Place: **(Telephonic Appearances Only)**<br>     United States Bankruptcy Court<br>     Courtroom 220<br>     1300 Clay Street<br>     Oakland, CA 94612<br><br>**Response Deadline: April 15, 2020** |

Keller Benvenutti Kim LLP
650 California Street, Suite 1900
San Francisco, CA 94108

JadooTV, Inc. ("JadooTV" or the "Debtor"), as debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby submits this Motion (the "Motion"), pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code"), to reject the unexpired lease (the "Lease") with 350 Arbor LLC, a Delaware limited liability company; WVP Arbor LLC, a California limited liability company; HMH Arbor, LLC, a Delaware limited liability company; and KP Arbor, LLC, a Delaware limited liability company, as tenants-in-common, (the "Lessors")[1], for the real property located at 5880 W. Las Positas Blvd., Suite 37, Pleasanton, California (the "Premises"), which the Debtor uses for its office space.

In support of this Motion, the Debtor submits the Declaration of Sajid Sohail (the "Sohail Declaration"), filed contemporaneously herewith. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "Proposed Order").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 (N.D. Cal.), and B.L.R. 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

On May 31, 2019 (the "Petition Date"), the Debtor commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code.[2] The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Case.

As described in the *Declaration of Sajid Sohail in Support of First Day Motions and Related*

---

[1] At all times during this Chapter 11 Case, the Debtor and its counsel have communicated with West Valley Properties, Inc., ("West Valley") as the agent for the Lessors.

[2] The Debtor's corporate parent, CloudStream Media, Inc. ("CSM"), filed a chapter 11 petition on the same day as the Debtor. The Debtor's and CSM's cases were jointly administered until CSM's chapter 11 case was dismissed at its request on December 6, 2019. *See* Case No. 19-41284, Dkt. Nos. 19, 20, and 21.

*Relief* [Dkt. No. 10], the Debtor filed its Chapter 11 Case because of the negative impact that copyright and patent infringement litigation brought by DISH Network LLC and certain related parties (the "DISH Litigation") had on the Debtor's sales revenue and legal expenses.

The Lease, dated July 20, 2015, is a triple-net lease for 5,745 square feet of office space, originally between JadooTV and Chamberlin Properties I Limited Partnership. (Sohail Decl. ¶ 4.) The Lease expires September 30, 2020. (Sohail Decl. ¶ 5.) On or about September 27, 2019, the underlying property where the Premises are located was acquired by the Lessors from Chamberlin. (Sohail Decl. ¶ 6.) The Debtor uses the Premises as its principal office. (Sohail Decl. ¶ 4.) The Debtors are current on obligations arising from the Lease through March 2020, which amount to approximately $11,194 per month including base rent and common area charges. (Sohail Decl. ¶ 7.) The Lessors hold a security deposit (the "Deposit") in the amount of $20,542, approximately two month's rent. (Sohail Decl. ¶ 8.)

In the early stages of this Chapter 11 Case, the Debtor considered rejecting the Lease as part of its greater effort of reducing overhead expenses. (Sohail Decl. ¶ 9.) However, as the Debtor's business stabilized post-petition, the need to reject the Lease subsided. (Sohail Decl. ¶ 9.) On the other hand, the Debtor did not wish to assume the Lease until it had more time to evaluate its strategy in the Chapter 11 Case and the ongoing litigation with DISH Network, which had been stayed. (Sohail Decl. ¶ 9.)

By an order dated October 17, 2019 [Dkt. No. 171], the Bankruptcy Court granted the Debtor's motion to extend time to assume or reject the Lease, extending the time for the Debtor to assume or reject the Lease to December 30, 2019, pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code. By an order dated January 6, 2020 [Dkt. No. 216], the Court granted a stipulation between the Debtor and the Lessors filed on December 30, 2019 [Dkt. No. 210], extending the time by which the Debtor must file a motion to assume or reject the Lease to March 31, 2020.

On January 8, 2020, the Court entered an order lifting the automatic stay as to the Copyright Action (as defined in that order), effective as of January 14, 2020 [Dkt. No. 220]. Since that time, the Debtor has been involved in litigation with DISH, which has had the effect of substantially increasing the Debtor's administrative expenses to pay for counsel to defend the Copyright Action. (Sohail Decl. ¶ 10.) At the same time, the Debtor has streamlined its operations and no longer requires physical office

space, as its employees work remotely and its services are provided online. (Sohail Decl. ¶ 11.) The Debtor has determined, in its business judgment, that it would be in the best interests of the estate and its creditors and interest holders to reject the Lease. (Sohail Decl. ¶ 12.)

If it were up to the Debtor, the Debtor would vacate and surrender the office space immediately upon the Lease's rejection. (Sohail Decl. ¶ 13.) However, because of COVID-19 and the applicable county and state shelter-in-place orders in effect, the Debtor is unable to hire the moving truck and personnel needed to remove the Debtor's personal property from the Premises. (Sohail Decl. ¶ 13.) The Debtor, by its counsel, reached out to West Valley on March 19, 2020, to advise the Lessors that the Debtor would be seeking to reject the Lease effective as of March 31, but informing the Lessors that as a result of the shelter-in-place orders, the Debtor would not be able to vacate the space at the time of rejection. (Sohail Decl. ¶ 14.) The Debtor therefore informed West Valley that it would not oppose the Lessors applying the Deposit to any valid claim for rent owing after March 31 as a result of the Debtor's inability to vacate the Premises. (Sohail Decl. ¶ 15.)

### III. RELIEF REQUESTED

The Debtor requests, pursuant to section 365(a) of the Bankruptcy Code, that the Court enter an order authorizing the rejection of the Lease, effective as of March 31, 2020, and holding that the Debtor need not make any further rent payments after March 31, 2020, with any post-rejection rents owed by the Debtor as a result of the inability to vacate the Premises given the COVID-19-related orders to be satisfied through the Deposit held by the Lessors.

### IV. BASIS FOR RELIEF REQUESTED

#### A. Grounds to Reject the Lease

Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any . . . executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Bankruptcy Courts generally "approve motions to assume, assume and assign, or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment." *In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012); *see also Durkin v. Benedor Corp. (In re*

*G.I. Indus., Inc.)*, 204 F.3d 1276, 1282 (9th Cir. 2000); *In re Miller*, 2016 Bankr. LEXIS 1046, at *10 (Bankr. D. Mont. Apr. 1, 2016). The "business judgment" standard is liberal, and supports relief on a showing that the debtor has exercised reasonable business judgment in determining that assumption or rejection as requested by the debtor will benefit the debtor's estate. *See Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 292 B.R. 195, 199 (N.D. Cal. 2003), *aff'd*, 392 F.3d 1064 (9th Cir. 2004) ("Bankruptcy courts generally approve rejection if the debtor demonstrates that the rejection will benefit the estate under a 'business judgment' test."); *In re Am. Suzuki Motor Corp.*, 494 B.R. 466, 475 n.4 (Bankr. C.D. Cal. 2013). "Courts generally will not second-guess a debtor's business judgment concerning whether the assumption or rejection of an executory contract or unexpired lease would benefit the debtor's estate." *In re MF Glob. Holdings Ltd.*, 466 B.R. at 242; *In re Miller*, 2016 WL 1316763, at *4 ("Although . . . business judgment is the proper standard for determining whether to permit assumption or rejection of an executory contract or unexpired lease, the court should focus on the business judgment of the trustee or debtor in possession, not on its own business judgment."). The Court should "presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *Agarwal v. Pomona Valley Med. Grp., Inc. (In re Pomona Valley Med. Grp., Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007) (in the context of a motion to reject under section 365(a)). Only a decision which is "so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice" runs afoul of the rule. *Id*.

With only six months left on the term of the Lease, the Debtor needed to evaluate its options regarding its diminished need for office space and its plans for going forward in its bankruptcy. Particularly because the automatic stay was lifted with respect to the Copyright Action, the Debtor's need to preserve cash wherever possible has increased because of the need to fund the litigation. The Debtor believes that its operations can go forward without the need for the leased office space, and therefore it is well within its business judgment to reject the Lease.

/ / /

### B. Need to Continue Occupying the Premises

Because of the unique circumstances due to the COVID-19 pandemic, the Debtor's removal of its property and equipment from the Premises may be delayed. Given the shelter-in-place order in effect in Alameda County which is expected to be extended through May 1, 2020[3], the Debtor may not able to vacate the Premises by the end of March, but plans to vacate the space as soon as it can do so without violating the order and as public health and safety allows. Although the Debtor is a media company and therefore could be considered a provider of essential services, the logistics of moving equipment from the Premises to storage require caution. Currently, the Debtor anticipates that its property may remain in the Premises through April. The global and local health situations are subject to change, however. The Debtor intends to inform the Lessors and the Court of any changes to its ability to remove any of its personal property from the Premises.

The Debtor will not make rent payments after the effective date of the rejection. The Debtor understands that the Lessors may assert an administrative claim for any rent for April 2020 and later, and the Debtor does not intend to oppose the Lessors' application of the Deposit to any valid claim for rent that may be owing after March 31, 2020. Counsel for the Debtor intends to work with the Lessors and their counsel to reach a consensual resolution.

### V. NOTICE

Notice of the Motion will be provided by ECF or first class mail to (i) the Office of the United States Trustee for Region 17 (Attn: Tracy Hope Davis, Esq. and Jason Blumberg, Esq.); (ii) the Lessors, through their agent West Valley; (iii) the non-insider creditors that hold the 20 largest unsecured claims; (iv) those persons who have formally appeared in this Chapter 11 Case and requested service pursuant to Bankruptcy Rule 2002.

---

[3] County of Alameda, *Order of the Health Officer of Alameda County*, Mar. 16, 2020, *available at* https://www.acgov.org/documents/Final-Order-to-Shelter-In-Place.pdf; County of Santa Clara Public Health Department, *Joint Press Release – Seven Bay Area Jurisdictions to Update Shelter-in-Place Order in Coming Days*, Mar. 30, 2020, a*vailable at* https://www.sccgov.org/sites/phd/news/Pages/press-release-03-30-2020-update-shelter-in-place.aspx

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 31, 2020

Respectfully submitted,

**KELLER BENVENUTTI KIM LLP**

By: /s/ Thomas B. Rupp
     Thomas B. Rupp

*Attorneys for Debtor and Debtor in Possession*