KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 364 6793
Fax: 650 636 9251

*Attorneys for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| **In re:** <br><br> **JADOOTV, INC.,** <br><br> Debtor. | Bankruptcy Case No. 19-41283 (WJL) <br><br> Chapter 11 <br><br> **DECLARATION OF SAJID SOHAIL IN SUPPORT OF THIRD MOTION OF DEBTOR PURSUANT TO 11 U.S.C. § 1121(d) TO EXTEND EXCLUSIVE PERIODS** <br><br> Date: June 3, 2020 <br> Time: 10:30 a.m. (Pacific Daylight Time) <br> Place: United States Bankruptcy Court <br> Courtroom 220 <br> 1300 Clay Street <br> Oakland, CA 94612 |

I, Sajid Sohail, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am the Chief Executive Officer of JadooTV, Inc. ("JadooTV" or, the "Debtor").

2. I am knowledgeable and familiar with the Debtor's day-to-day operations, business, and financial affairs, and the circumstances leading to the commencement of the Debtor's chapter 11 case (the "Chapter 11 Case"). I am authorized to submit this Declaration on behalf of the Debtor. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by the Debtor or the Debtor's legal advisors, or my opinion based upon experience, knowledge, and information concerning the Debtor's operations. If called upon to testify, I would testify to the facts set forth in this Declaration.

3. This Declaration is submitted in support of the *Third Motion of Debtor Pursuant to 11 U.S.C. § 1121(d) to Extend Exclusive Periods* (the "Motion") filed concurrently herewith. The Motion seeks to extend the Exclusive Filing Period[1] to and including November 30, 2020, and the Exclusive Solicitation Period to and including January 31, 2021.

4. Currently, the Debtor and DISH are at an impasse, with DISH asserting millions of dollars in claims which the Debtor believes should not be allowed. With such a major contingency outstanding, I believe that it would be best not to propose a plan until some progress has been made toward liquidating the claims of DISH. As the litigation develops, including discovery, dispositive motion practice, and preparation for trial if necessary, circumstances may arise where the Debtor and DISH may be able to reach a settlement of the Copyright Action, which would include resolution of DISH's claims in this Chapter 11 Case.

5. The Debtor continues to operate its business in the ordinary course. The most recent monthly operating report for March 2020 shows stable revenues and sufficient cash on hand to conduct operations and support the administrative costs of this Chapter 11 Case. The Debtor is current on its payment of United States Trustee Quarterly Fees.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

6. The significant contingency presented by the Copyright Action will likely determine the resolution of this Chapter 11 Case. I anticipate that the Debtor's current operations and revenue will allow it to maintain the status quo and continue paying administrative expenses through and beyond a decision on the motion for judgment on the pleadings in the Copyright Action.

7. Because liquidation of the DISH claims will resolve a major contingency in this Chapter 11 Case, I believe it is in the best interests of the Debtor and its creditors that the Exclusive Filing Period be extended to November 30, 2020, and the Exclusive Solicitation Period be extended to January 31, 2021. I believe these extensions will allow the Debtor to proceed toward a resolution of the DISH Litigation, which will offer the best opportunity to formulate a resolution of this Chapter 11 case that is in the best interests of the Debtor's estate and its creditors.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury, that the foregoing is true and correct and that this declaration was executed at Pleasanton, California, on May 11, 2020.

/s/ *Sajid Sohail*
Sajid Sohail