KELLER BENVENUTTI KIM LLP
Jane Kim (#298192)
(jkim@kbkllp.com)
Thomas B. Rupp (#278041)
(trupp@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 364 6793
Fax: 650 636 9251

*Attorneys for Debtor and
Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

In re:

**JADOOTV, INC.,**

                      **Debtor.**

Bankruptcy Case No. 19-41283 (WJL)

Chapter 11

**FOURTH INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR KELLER BENVENUTTI KIM LLP FOR THE PERIOD OF MAY 1, 2020 TO AUGUST 31, 2020**

Date: September 23, 2020
Time: 10:30 a.m. (Pacific Daylight Time)
Place: **(Telephonic or Video Only)**
       United States Bankruptcy Court
       Courtroom 220
       1300 Clay Street
       Oakland, CA 94612

Keller Benvenutti Kim LLP ("Keller Benvenutti Kim" or the "Firm"), counsel for JadooTV, Inc., debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby submits its Fourth Interim Fee Application (the "Interim Application") for allowance and payment of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred for the period commencing May 1, 2020, through August 31, 2020 (the "Interim Fee Period"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "Northern District Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

The Interim Application is based upon the points and authorities cited herein, the Declaration of Jane Kim filed concurrently herewith, the exhibits attached thereto, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Interim Application.

## CASE BACKGROUND AND STATUS

### A.  The Debtor's Bankruptcy Proceedings

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 31, 2019 (the "Petition Date"). The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed.

As described in the *Declaration of Sajid Sohail in Support of First Day Motions and Related Relief* [Docket No. 10], the Debtor filed this Chapter 11 Case because of the negative impact that copyright and patent infringement litigation brought by DISH Network LLC and certain related parties (such litigation collectively, the "DISH Litigation," and such copyright and patent actions pending in the Northern District of California, the "Copyright Action" and the "Patent Action," respectively) had on the Debtor's sales revenue and legal expenses.

B. **The Debtor's Retention of Keller Benvenutti Kim**

On June 21, 2019, the Court entered the *Order Authorizing Retention of Keller & Benvenutti LLP as Debtors' Bankruptcy Counsel Nunc Pro Tunc to the Petition Date* [Docket No. 54] (the "Retention Order").[1]

The Retention Order authorizes the Debtor to compensate and reimburse the Firm pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Northern District Guidelines. Subject to the Firm's application to the Court, the Debtor also is authorized by the Retention Order to compensate Keller Benvenutti Kim at the Firm's standard hourly rates for services performed and to reimburse it for actual and necessary expenses incurred. The Retention Order authorizes Keller Benvenutti Kim to provide the following services to the Debtor:

- advising the Debtor of its rights, powers, and duties as debtor and debtor in possession continuing to operate and manage its business and affairs under chapter 11 of the Bankruptcy Code;
- preparing on behalf of the Debtor all necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and reviewing all financial and other reports to be filed in this Chapter 11 Case;
- advising the Debtor concerning, and preparing responses to, applications, motions, other pleadings, notices, and other papers that may be filed by other parties in this Chapter 11 Case;
- advising the Debtor with respect to, and assisting in the negotiation of, any financing agreements, sale agreements, and related transactions that may be necessary in this Chapter 11 Case;
- advising the Debtor regarding its ability to initiate actions to collect and recover property for the benefit of the estate;
- advising and assisting the Debtor in negotiations with the Debtor's stakeholders;
- advising the Debtor in connection with the formulation, negotiation, and promulgation of a plan of reorganization and related transactional documents;

---

[1] The Firm changed its name to Keller Benvenutti Kim LLP, effective as of March 1, 2020. *See* Dkt. No. 226.

- assisting the Debtor in reviewing, estimating, and resolving claims asserted against the Debtor's estate;
- commencing and conducting in this court litigation that is necessary and appropriate to assert rights held by the Debtor, protect assets of the Debtor's chapter 11 estate, or otherwise further the goal of completing the Debtor's successful reorganization; and
- performing all other necessary and appropriate legal services in connection with this Chapter 11 Case for or on behalf of the Debtor.

### C. The First Interim Application

Keller Benvenutti Kim filed its *First Interim Application for Compensation and Reimbursement of Expenses for Keller & Benvenutti LLP for the Period of May 31, 2019 to August 31, 2019* [Dkt. No. 153] (the "First Interim Application"), on September 25, 2019, seeking compensation and reimbursement of expenses for the period from the Petition Date to August 31, 2019 (the "First Interim Fee Period"). The First Interim Application contains a thorough description of the legal services performed by the Firm during the First Interim Fee Period. The Court held a hearing on the First Interim Application on October 16, 2019, and granted the amounts requested in full. *See* Dkt. No. 172, *Order Granting First Interim Application for Compensation and Reimbursement of Expenses for Keller & Benvenutti LLP for the Period of May 31, 2019 to August 31, 2019* (allowing $134,745.00 in compensation and $1,192.11 in reimbursement of expenses for First Interim Fee Period). The Firm has been paid all fees and expenses allowed by the order granting the First Interim Application.

### D. The Second Interim Application

Keller Benvenutti Kim filed its *Second Interim Application for Compensation and Reimbursement of Expenses for Keller & Benvenutti LLP for the Period of September 1, 2019 to December 31, 2019* [Dkt. No. 153] (the "Second Interim Application"), on January 29, 2020, seeking compensation and reimbursement of expenses for the period from the September 1, 2020 to December 31, 2020 (the "Second Interim Fee Period"). The Second Interim Application contains a thorough description of the legal services performed by the Firm during the Second Interim Fee Period. The Court held a hearing on the Second Interim Application on February 19, 2020, and granted the

amounts requested in full. See Dkt. No. 236, *Order Granting Second Interim Application for Compensation and Reimbursement of Expenses for Keller & Benvenutti LLP for the Period of September 1, 2019 to December 31, 2019* (allowing $76,490.00 in compensation and $1,246.85 in reimbursement of expenses for Second Interim Fee Period). The Firm has been paid all fees and expenses allowed by the order granting the Second Interim Application.

### E. The Third Interim Application

Keller Benvenutti Kim filed its *Third Interim Application for Compensation and Reimbursement of Expenses for Keller & Benvenutti LLP for the Period of January 1, 2020 to April 30, 2020* [Dkt. No. 258] (the "Third Interim Application"), on May 13, 2020, seeking compensation and reimbursement of expenses for the period from the January 1, 2020 to April 30, 2020 (the "Third Interim Fee Period"). The Third Interim Application contains a thorough description of the legal services performed by the Firm during the Third Interim Fee Period. The Court held a hearing on the Third Interim Application on June 3, 2020, and granted the amounts requested in full. See Dkt. No. 267, *Order Granting Third Interim Application for Compensation and Reimbursement of Expenses for Keller & Benvenutti LLP for the Period of January 1, 2020 to April 30, 2020* (allowing $26,635.00 in compensation and $772.23 in reimbursement of expenses for Third Interim Fee Period). The Firm has been paid all fees and expenses allowed by the order granting the Third Interim Application.

### F. The Interim Fee Period From May 1, 2020 to August 31, 2020

During the Interim Fee Period, the automatic stay with respect to the Patent Action was lifted effective as of June 11, 2020, and the Debtor has subsequently resumed its defense of the Patent Action. The Debtor and DISH continue to litigate the Copyright Action in district court as well.

Currently, the Debtor and DISH remain at an impasse, with DISH asserting millions of dollars in claims which the Debtor believes should not be allowed. With such a major contingency outstanding, the Debtor believes it is best not to propose a plan until some progress has been made toward liquidating the claims of DISH. As the litigation develops, including discovery, dispositive

motion practice, and preparation for trial if necessary, circumstances may arise where the Debtor and DISH may be able to reach a settlement of the Copyright Action and Patent Action, which would include resolution of DISH's claims in this Chapter 11 Case.

The Debtor also saw its operations affected by the health and financial crises wrought by the COVID-19 pandemic. The Debtor applied for and received a loan under the Paycheck Protection Program created by the CARES Act. Although the Debtor had not sought Court approval before applying for the loan, KBK prepared a motion seeking retroactive authorization of the PPP loan because the Debtor believed that retention of the loan proceeds to fund its operations would be vital to its continued operations and consistent with the goals underlying the PPP. Before this motion was heard on the merits, but following two status conferences on the matter, the Debtor and the Debtor's bank, JP Morgan Chase, stipulated to relief from stay to agree to the return of the loan funds to JP Morgan Chase. The motion to approve that stipulation is scheduled to be heard on September 9, 2020. In the meantime, the Debtor has continued to cut costs in other areas and is continuing to operate its business as a debtor in possession.

Other issues that arose during the Interim Fee Period included the extension of the Debtor's exclusivity periods to the maximum term allowed by section 1121 of the Bankruptcy Code, and the third interim fee applications of the Firm and the debtor's intellectual property litigation counsel, Chan Punzalan LLP.

### G. Professional Compensation and Reimbursement of Expenses Requested

By this Interim Application, the Firm seeks interim allowance of compensation in the amount of $35,967.92 and actual and necessary expenses in the amount of $837.60, for a total allowance of $36,805.52 for the Interim Fee Period. This amount reflects a $10,000 voluntary reduction by the Firm, as further detailed below.

All services for which Keller Benvenutti Kim requests compensation were performed for or on behalf of the Debtor. Keller Benvenutti Kim has received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Interim Application.

There is no agreement or understanding between Keller Benvenutti Kim and any other person other than the partners of Keller Benvenutti Kim for the sharing of compensation to be received for services rendered in this Chapter 11 Case. As of the Petition Date, the Firm had a remaining credit balance in favor of the Debtor for professional services performed and to be performed, and expenses incurred and to be incurred, in connection with this Chapter 11 Case in the amount of $8,213.00. The Firm applied that balance towards the fees and expenses approved in the First Interim Application.

The Firm has billed the Debtor in this Chapter 11 Case in accordance with its existing billing rates and procedures in effect during the Interim Fee Period. These rates are the same rates Keller Benvenutti Kim charges for services rendered by its attorneys and paraprofessionals in comparable matters, and are reasonable given the compensation charged by comparably skilled practitioners in similar matters in both the California and national markets.

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. section 157(b). Venue is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

## PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED

During the Interim Fee Period, Keller Benvenutti Kim professionals and paraprofessionals expended 92.3 hours on behalf of the Debtor. The Firm's attorneys bill at hourly rates ranging from $375 to $700. The names and hourly rates of the professionals and paraprofessionals of the Firm who expended time during the Interim Fee Period are as follows:

| Professional | Position | Date Admitted | Hourly Rate |
|---|---|---|---|
| Jane Kim | Partner | 2003[2] | $700 |
| David Taylor | Partner | 2006 | $600 |
| Thomas B. Rupp | Associate | 2011 | $450 |
| Danisha Brar | Associate | 2016 | $375 |
| Hadley Roberts-Donnelly | Paralegal Trainee | N/A | $150 |

---

[2] Member of the California Bar since 2014.

Keller Benvenutti Kim LLP
650 California Street, Suite 1900
San Francisco, CA 94108

In accordance with the Northern District Guidelines and the Local Rules, the Firm has classified services performed into ten specific categories set forth below. Keller Benvenutti Kim has attempted to place the services provided in the category that best relates to such services; because certain services may relate to one or more categories, however, services pertaining to one category may in fact be included in another category.

The following chart summarizes project billing categories and the total hours expended for each category during the Interim Fee Period, and is followed by a narrative and detail.

| Category | Total Hours | Fees |
|---|---|---|
| A. Omnibus & Miscellaneous Court Appearances | 3.8 | $2,275.00 |
| B. General Case Administration | 3.8 | $1,387.92 |
| C. Automatic Stay Proceedings | 3.8 | $2,210.00 |
| D. Schedules and Statement of Financial Affairs and Other Reporting | 9.8 | $3,075.00 |
| E. Professional Retention and Compensation – Keller Benvenutti Kim | 11.1 | $5,020.00 |
| F. Professional Retention and Compensation – Other Professionals | 5.1 | $2,420.00 |
| G. Financing | 45.9 | $25,030.00 |
| H. Plan – Advice, Strategy, and Negotiation | 7.0 | $3,300.00 |
| I. DISH Litigation | 2.0 | $1,250.00 |
| **SUBTOTAL:** | **92.3** | **$45,967.92** |
| LESS VOLUNTARY REDUCTION | | ($10,000.00) |
| **TOTAL:** | | **$35,967.92** |

A.  **Omnibus & Miscellaneous Court Appearances**

During the Interim Fee Period, Keller Benvenutti Kim attorneys represented the Debtor at frequent hearings on various issues in this Chapter 11 Case, including the June 3 hearing on the third motion to extend the Debtor's exclusive periods and Keller Benvenutti Kim's Third Interim Application, the June 10 hearing on DISH's motion for relief from stay on the Patent Action, the

July 10 and July 22 status conferences on the PPP Motion, and the July 29 status conference on the PPP Motion and hearing on Chan Punzalan's third interim fee application.

| Professional | Hours | Fees |
|---|---|---|
| Jane Kim | 3.1 | $2,170.00 |
| Hadley Roberts-Donnelly | 0.7 | $105.00 |
| **Total** | **3.8** | **$2,275.00** |

B. **General Case Administration**

This billing code relates to all aspects of the administration of the Debtor's bankruptcy case. The Firm's role as the Debtor's counsel necessitates it taking on administrative workflow necessary to keep this Chapter 11 Case running smoothly. This work involves communications with chambers and other parties relating to various hearings and scheduling issues; attention to notice and service on creditors of the motions filed in this Chapter 11 Case; preparation of status conference statements; and general planning and scheduling of matters in this Chapter 11 Case.

| Professional or Paraprofessional | Hours | Fees |
|---|---|---|
| Thomas Rupp | 2.5 | $1,125.00 |
| Danisha Brar | 0.3 | $112.92 |
| Hadley Roberts-Donnelly | 1.0 | $150.00 |
| **Total** | **3.8** | **$1,387.92** |

C. **Automatic Stay Proceedings**

During the Interim Fee Period, Keller Benvenutti Kim negotiated a stipulation with JP Morgan Chase's counsel that would allow for relief from the automatic stay so the bank could recover the amounts in the Debtor's bank account that were loaned through the PPP loan.

| Professional | Hours | Fees |
|---|---|---|
| Jane Kim | 2.0 | $1,400.00 |
| Thomas Rupp | 1.8 | $810.00 |
| **Total** | **3.8** | **$2,210.00** |

### D. Schedules and Statement of Financial Affairs and Other Reporting

During the Interim Fee Period, Keller Benvenutti Kim assisted with finalizing and filing monthly operating reports for the months of April, May, June, and July, and followed up with the Debtor's management regarding payment of U.S. Trustee Chapter 11 Quarterly fees.

| Professional | Hours | Fees |
|---|---|---|
| Jane Kim | 0.3 | $210.00 |
| Thomas Rupp | 4.8 | $2,160.00 |
| Hadley Roberts-Donnelly | 4.7 | $705.00 |
| **Total** | **9.8** | **$3,075.00** |

### E. Professional Retention and Compensation – Keller Benvenutti Kim[3]

During the Interim Fee Period, Keller Benvenutti Kim prepared and filed the Third Interim Application and its supporting documents.

| Professional | Hours | Fees |
|---|---|---|
| Jane Kim | 0.1 | $70.00 |
| Thomas Rupp | 11.0 | $4,950.00 |
| **Total** | **11.1** | **$5,020.00** |

### F. Professional Retention and Compensation – Other Professionals

During the Interim Fee Period, Keller Benvenutti Kim assisted Chan Punzalan LLP, special

---

[3] The Firm notes that this category represents a significant proportion of the fees requested in this Interim Application; however, this is due to the lower fees incurred during this Interim Fee Period as compared to prior Interim Fee Periods. The Firm also observes that, were the fees requested in this Interim Application to be allowed in full, the amount of time spent preparing the first three Interim Applications ($17,995) would be approximately 6.6% of the total fees allowed for the period of May 31, 2019 to August 31, 2020 ($273,837.92), which the Firm respectfully submits is well within the range of appropriateness. The Firm also believes that timely applications for compensation promote a clear and current picture of administrative expenses, and allow for the fees and expenses incurred to be reviewed in the first instance when recollections are fresh.

intellectual property litigation counsel for the Debtor, with preparing and filing its third interim fee application.

| Professional | Hours | Fees |
| --- | --- | --- |
| Jane Kim | 0.5 | $350.00 |
| Thomas Rupp | 4.6 | $2,070.00 |
| **Total** | **5.1** | **$2,420.00** |

G. Financing

On or about April 7, 2020, the Debtor submitted an online application for a loan (the "PPP Loan") under the Paycheck Protection Program created by the CARES Act. Jadoo received the PPP funds on May 1, 2020 from its commercial bank, JP Morgan Chase, and began to use the funds to support its payroll and operations as contemplated by the PPP.

The Debtor ultimately was made aware that it could not enter into the PPP Loan without Court approval and that the Debtor had inadvertently but erroneously indicated "no" in response to a question about whether it was in bankruptcy. Because the Debtor believed that retention of the loan proceeds to fund its operations would be vital to its continued operations and consistent with the goals and Congressional purpose underlying the PPP, KBK prepared a motion seeking retroactive authorization of the PPP Loan (the "PPP Motion").

Retention of the PPP loan proceeds was critical to the Debtor's continued operation in the COVID-19 pandemic. Furthermore, given that this was a new and important topic and in light of the unusual posture of the Debtor in having received the loan proceeds and the administrative freeze placed by JP Morgan Chase on the bank account, a considerable amount of work was required to research and draft the PPP Motion. As described in the PPP Motion, the issue of a chapter 11 debtor's eligibility to receive PPP loan funds was litigated in bankruptcy courts across the country during the summer of 2020. The Firm believes that the work in connection with the PPP Motion was necessary and justified under the circumstances. However, in light of the outcome of the PPP Motion and the

circumstances, the Firm has taken a voluntary $10,000 reduction in the fees requested in this Interim Application.

| Professional | Hours | Fees |
|---|---|---|
| Jane Kim | 9.7 | $6,790.00 |
| David Taylor | 13.0 | $7,800.00 |
| Thomas Rupp | 23.2 | $10,440.00 |
| **Total** | **45.9** | **$25,030.00** |

### H. Plan – Advice, Strategy, and Negotiation

The third motion to extend the Debtors' exclusivity periods was prepared and filed during the Fourth Interim Fee Period.

| Professional | Hours | Fees |
|---|---|---|
| Jane Kim | 0.6 | $420.00 |
| Thomas Rupp | 6.4 | $2,880.00 |
| **Total** | **7** | **$3,300.00** |

### I. DISH Litigation

The Firm monitored the DISH Litigation and conferred with the client and litigation counsel regarding the DISH Litigation, including with respect to proceedings involving or impacting the Copyright Action or Patent Action in this Chapter 11 Case. Keller Benvenutti Kim also negotiated a stipulation for relief from the automatic stay with DISH to allow the Patent Action to proceed before the district court.

| Professional | Hours | Fees |
|---|---|---|
| Jane Kim | 1.4 | $980.00 |
| Thomas Rupp | 0.6 | $270.00 |
| **Total** | **2** | **$1250.00** |

# EXPENSE SUMMARY
## MAY 1, 2020 THROUGH AUGUST 31, 2020

As is its typical practice in chapter 11 cases, the Firm advanced costs on behalf of the Debtor in connection with the discharge of the duties described in the Interim Application. During the Interim Fee Period, Keller Benvenutti Kim incurred a total of $837.60 in expenses. These expenses, which include mailing of notices to creditors and service copies of various motions, are reasonable and necessary to the smooth administration of this Chapter 11 Case. Receipts for all significant expenses have been provided to the Debtor.

## LEGAL BASIS FOR INTERIM COMPENSATION

The professional services for which Keller Benvenutti Kim requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of Keller Benvenutti Kim's professional responsibilities as attorneys for the Debtor in this Chapter 11 Case. Keller Benvenutti Kim's services have been necessary and beneficial to the Debtor and its estate, creditors, and other parties in interest.

In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Keller Benvenutti Kim respectfully submits that the amount requested by Keller Benvenutti Kim is fair and reasonable given the complexity of this Chapter 11 Case, the time expended, the nature and extent of the services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, Keller Benvenutti Kim has reviewed the requirements of the Northern District Guidelines and the UST Guidelines and believes that the Interim Application complies with all of them except as specifically noted herein.

## VOLUNTARY REDUCTION

The Firm has agreed to take a voluntary reduction of $10,000.00 in fees for the Interim Fee Period as described above.

## AVAILABLE FUNDS

The Firm understands that the Debtor's estate has sufficient funds available to pay the fees and costs sought herein.

## NOTICE

Notice of the Interim Application has been provided to all creditors and parties in interest in this Chapter 11 Case. Keller Benvenutti Kim submits that, in view of the facts and circumstances of this Chapter 11 Case, such notice is sufficient, and no other or further notice need be provided.

## CONCLUSION

Keller Benvenutti Kim respectfully requests an interim allowance to the Firm for compensation in the amount of $35,967.92 and actual and necessary expenses in the amount of $837.60, and an authorization for payment of a total allowance of $36,805.52; and for such other and further relief as this Court deems proper.

Dated: September 2, 2020

Respectfully submitted,

KELLER BENVENUTTI KIM LLP

By: /s/ *Thomas B. Rupp*
Thomas B. Rupp

*Attorneys for Debtor and Debtor in Possession*