Christopher M. McDermott (SBN 253411)
cmcdermott@aldridgepite.com
Greg Campbell (SBN 281732)
gcampbell@aldridgepite.com
**ALDRIDGE PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Movant
JPMorgan Chase Bank, N.A.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>JADOOTV, INC.,<br><br>Debtor, | Chapter 11<br><br>Case No. 19-41283-WJL<br><br>R.S. No. CM-011<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>**Hearing:**<br>Date: November 4, 2020<br>Time: 9:30 A.M.<br>Ctrm: Will Be Held Telephonically |

*Movant* JPMorgan Chase Bank, N.A. ("Movant") respectfully submits the following memorandum of points and authorities in support of its Motion for Relief from the Automatic Stay.

### I. FACTUAL AND PROCEDURAL SUMMARY

On or about February 20, 2017, Jaboo TV, Inc. ("Debtor") and Sadia Sohail (collectively the "Lessees") made and executed a Closed-End Motor Vehicle Lease Agreement (hereinafter the "Agreement") with Livermore Jaguar LandRover ("Dealership") for the lease of a 2016 Land Rover Range Rover, VIN SALWG2PF9GA118606 (the "Vehicle"). Pursuant to the terms of the

Agreement, Lessees promised to pay an initial payment of $913.93, followed by thirty eight (38) regular monthly installments of $913.93, commencing on February 20, 2017. The maturity date for the Agreement is May 21, 2020. A copy of the Agreement is attached to the Declaration in Support of Motion for Relief from the Automatic Stay ("Declaration") as **Exhibit A** and incorporated herein by reference.

Seller assigned and transferred the Agreement to Movant.

Movant is the Registered Owner of the Vehicle as evidenced by a Certificate of Title on record with the State of California. A copy of the Certificate of Title is attached to the Declaration as **Exhibit B** and incorporated herein by reference.

On May 31, 2019, JadooTV, Inc. ("Debtor") commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.

Lessees are in default of their obligations under the Agreement for failure to make payments due and owing to Movant. The total amount of the default as of August 7, 2020:

| DESCRIPTION | | AMOUNT | TOTAL |
|---|---|---|---|
| 9 Payments | 8/20/2019 - 4/20/2020 | $913.93 | $8,225.37 |
| **Total Default (as of August 7, 2020):** | | | **8,225.37** |

The lease matured on May 21, 2020.

## II. ARGUMENT

**A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1).**

Section 362(d)(1) of the Bankruptcy Code provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1) (emphasis added). What constitutes cause to terminate the stay is determined on a case-by-case basis. *Delaney-Morin v. Day (In re Delaney-Morin)*, 304 B.R. 365, 369 (9th Cir. BAP 2003) (citation omitted). One example of "cause" prescribed by the statute is a

lack of adequate protection. *See* 11 U.S.C. § 362(d)(1); *see also Ellis v. Parr (In re Ellis)*, 60 B.R. 432, 435 (9th Cir. BAP 1985). A lack of adequate protection may include, among other things, the lack of a sufficient equity cushion and/or a debtor's failure to tender periodic cash payments. *See e.g.*, *Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396 (9th Cir. 1984) (citation omitted). The failure of a debtor to maintain property insurance may also constitute a lack of adequate protection. *See Delaney-Morin*, 340 B.R. at 370, n.3; *see also In re Barnes*, 125 B.R. 484, 486 (Bankr. E.D. Mich. 1991).

As stated above, Lessees have failed to tender periodic cash payments due and owing to Movant under the Agreement, which has since expired. The total default amount under the Agreement is $8,225.37. Based upon the foregoing, Movant submits that Debtor is unable and/or unwilling to provide adequate protection to Movant, thereby entitling Movant to relief from the automatic stay pursuant to section 362(d)(1).

### III. CONCLUSION

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE**, Movant respectfully prays for an order of this Court:

1. Terminating the automatic stay of 11 United States Code § 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to repossess and sell the Vehicle;

2. Waiving the 14-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) as Debtor intends to surrender the Vehicle;

3. Alternatively, in the event this Court declines to grant Movant the relief requested above, Movant requests the entry of an order requiring Debtor to: (a) make periodic cash payments to Movant, (b) cure delinquent payments, (c) maintain adequate insurance on the Vehicle, and (d) maintain the condition of the Vehicle; and

/././

/././

-3-   CASE NO. 19-41283-WJL
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**
Case: 19-41283    Doc# 319-2    Filed: 10/09/20    Entered: 10/09/20 11:09:27    Page 3 of 4

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ALDRIDGE PITE, LLP**

Dated: October 9, 2020

/s/ Christopher M. McDermott
_____
CHRISTOPHER M. MCDERMOTT
Attorneys for *Movant*
JPMorgan Chase Bank, N.A.