# EXHIBIT 1

**(Consent Judgment)**

| | |
|---|---|
| **BAKER BOTTS L.L.P.**<br>G. Hopkins Guy, III (SBN 124811)<br>hop.guy@bakerbotts.com<br>1001 Page Mill Road<br>Building One, Suite 200<br>Palo Alto, CA 94304<br>Telephone: 650.739.7500<br>Facsimile: 650.739.7699<br><br>Ali Dhanani (pro hac vice)<br>ali.dhanani@bakerbotts.com<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, TX 77002<br>Telephone: 713.229.1108<br>Facsimile: 713.229.2808 | Mark Punzalan (CA Bar No. 247599)<br>Email: mark@chanpunzalan.com<br>Nicole Daryanani (CA Bar No. 328068)<br>Email: nicole@chanpunzalan.com<br>Shinhong Byun (CA Bar No. 264129)<br>Email: shinhong@chanpunzalan.com<br>CHAN PUNZALAN LLP<br>22 Battery Street, Suite 401<br>San Francisco, CA 94111<br><br>*Counsel for Defendant<br>JadooTV, Inc.* |

*Attorneys for Plaintiffs DISH TECHNOLOGIES L.L.C. AND SLING TV L.L.C.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH TECHNOLOGIES L.L.C. AND SLING TV L.L.C.,<br><br>  Plaintiffs,<br><br>  v.<br><br>JADOO TV, INC.,<br><br>  Defendant. | Case No. 5:18-cv-05214 - EJD<br><br>[PROPOSED] **FINAL CONSENT JUDGMENT AND STIPULATED INJUNCTION PURSUANT TO STIPULATION OF THE PARTIES** |

Plaintiff DISH Technologies L.L.C. and Sling TV L.L.C. (collectively, "DISH"), having filed Civil Action 5:18-cv-05214 – EJD against Jadoo TV, Inc. ("Jadoo"), alleging that Jadoo infringed DISH's Patents, U.S. Patent Nos. 7,818,444, 8,402,156, 9,071,668, and 9,407,564 ("the Asserted Patents"), and Defendant Jadoo having agreed upon a resolution of this matter prior to a trial on the merits, hereby consent to the entry of judgment in favor of Plaintiff DISH and against Defendant Jadoo as follows:

1.  This Court has and shall retain personal jurisdiction over the Parties with respect to the above captioned matter, subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and jurisdiction to enforce this Consent Judgment.

2.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

3.  Jadoo acknowledges DISH's ownership and standing to sue for infringement of the Asserted Patents.

4.  Jadoo admits that all claims of the Asserted Patents are valid and enforceable, until such time that all claims of the Asserted Patents are found invalid or non-enforceable by a final, non-appealable judgment by a Court of competent jurisdiction.

5.  Jadoo, including any of its subsidiaries, parent companies, successors, and assigns, and those persons and entities in active concert or participation with them (the "Enjoined Parties"), are hereby permanently restrained, enjoined, and prohibited from infringing all claims of the Asserted Patents by making, using, selling, offering to sell, or distributing products and services that infringe the Asserted Patents (the "Infringing Products") in the United States or by importing Infringing Products into the United States.

6.  The Enjoined Parties are also permanently restrained, enjoined, and prohibited from inducing others to make, use, offer for sale, sell within the United States, or import into the United States, any of the Infringing Products or any products not more than colorably different from the Infringing Products.

7.  The Enjoined Parties are also hereby permanently restrained, enjoined, and prohibited from selling the Infringing Products, or any products not more than colorably different from the Infringing Products, to anyone outside the United States under circumstances that

BAKER BOTTS L.L.P.

1  Defendants know[1] will result in those products themselves being imported into or used in the
2  United States or being incorporated into other products that will be thereafter imported into or
3  used in the United States.

4  8. For the avoidance of doubt, Jadoo is enjoined from providing within or from the
5  United States, or importing into the United States, under any circumstances, adaptive bitrate
6  streaming on any (i) Jadoo Application (including the JadooTV App or other Jadoo provided app
7  installed on SmartTVs or other media players or mobile devices, mobile phones, or tablet devices)
8  or (ii) Jadoo Set-Top boxes (including current and future set-top boxes ("STBs") or over-the-top
9  ("OTT") devices offered, supported, sold, or developed by Jadoo), such as by using the HTTP
10 Live Streaming protocol or other similar adaptive bitrate streaming protocols in conjunction with
11 multiple bitrate and/or resolution versions of the same video (collectively, "ABR Technology").

12 A. As to the Jadoo Application identified in Paragraph (8)(i), Jadoo is enjoined from
13 providing, under any circumstances, adaptive bitrate streaming from a Jadoo server, or any CDN
14 under contract or controlled by Jadoo, and must provide only a single bitrate stream and/or
15 resolution version of the same video and cannot provide multiple bitrate streams and/or resolution
16 versions of the same video. To the extent that any Jadoo customer installs any Android App or
17 other software that uses ABR Technology offered by a third party who is not an Enjoined Party
18 ("Third-Party App Supplier") without the inducement, encouragement, instruction, support,
19 direction or guidance of the Enjoined Parties, such activity shall not be a violation of this consent
20 judgment and injunction.

21 B. As to the Jadoo Set-Top boxes identified in Paragraph (8)(ii), Jadoo is to deploy a
22 firmware update to its STBs or OTT devices that will permanently remove any software that uses
23 any bandwidth characteristic to request and/or change to a different data rate, packet size,
24 streamlet size, slice size or segment size for subsequently transmitted packets, segments, or chunks
25 ("Firmware Update"). The Firmware Update must be mandatory and any user who does not
26 update his or her set-top box with the Firmware Update will be blocked from using JadooTV's

---

[1] With respect to this provision, knowledge may be satisfied by actual knowledge or willful blindness as provided in *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011).

BAKER BOTTS L.L.P.

service. Jadoo may display to any user a screen that states that the Firmware Update is mandatory and until the user updates to the Firmware Update, the user will not be able to access any Jadoo channels. The parties agree and stipulate that Jadoo Firmware Version V002M8B01_20210422 (Jadoo4 QuadCore); V001S901_20210422 (Jadoo5S); V001S901_20210422 (Jadoo5); V003S901_20201104 (Jadoo7) meet the above requirements and that DISH may retain a copy of all Jadoo Firmware Updates.

9. This injunction shall continue as to each claim of each of the Asserted Patents, respectively, for the life of each such claim, or until such time as such claim of the Asserted Patents is admitted by DISH or otherwise caused to be invalid or unenforceable through reissue, disclaimer, or otherwise, or held invalid or unenforceable under a final, non-appealable order from the Court, a Federal District or Appellate Court, the United States Patent and Trademark Office, or another governmental authority of competent jurisdiction, whichever comes first.

10. If DISH has a reasonable basis for believing that Jadoo is using adaptive bitrate streaming or otherwise infringing the Asserted Patents after the date of this order, DISH may initiate an audit by providing written notice to Jadoo, providing the basis for its belief in the notice. Upon 30 days written notice, Jadoo will produce any then current source code or information and documents sufficient to show compliance with the injunction and that Jadoo has not changed the software to reinsert the ABR Technology. The Parties acknowledge that DISH shall retain the right to compare prior versions of the source code and any then current code or software upon a showing that Jadoo is using ABR Technology in violation of this injunction.

11. Within fourteen (14) business days following entry of this Consent Judgment, or within fourteen (14) business days following Jadoo's retention of a new CDN supplier, ad insertion partner, or content provider, Jadoo will provide a copy of the injunction to each of its current or future CDN suppliers, ad insertion partners, and content providers with whom Jadoo has contracted or will contract with in the future, including but not limited to Vidillion Inc. and Eros Now and advise each that the supplier or partner is not, under any circumstances, to provide adaptive bitrate streaming of Jadoo streams, such as by using the HTTP Live Streaming protocol or other similar adaptive bitrate streaming protocols.

12. Compliance with this Consent Judgment may be enforced by DISH and its successors in interests or assigns.

13. Should Defendant violate any term or condition of this Consent Judgment, DISH in its sole discretion, shall be entitled to petition the Court for an Order of Contempt. To the extent Defendant knowingly violates or refuses to correct a violation of any term or condition of this Consent Judgment, DISH shall further be entitled to recover all attorneys' fees incurred (i) as a result of Defendant's violation of this Consent Judgment, and/or (ii) enforcing any term or condition of this Consent Judgment.

14. Notwithstanding any terms or conditions of this Consent Judgment, DISH shall have the right to pursue all of its equitable and legal remedies arising from or relating to any violation of this Consent Judgment or any future infringement or other wrongdoing by Defendant.

15. DISH retains all rights to pursue any Third-Party App Supplier. Jadoo shall, to the best of its ability and in good faith, cooperate with any enforcement of the Asserted Patents against such Third-Party App Supplier and shall not cooperate or consent to any suggestion or claim by such party that any infringing activity is protected including any claim of protection under patent exhaustion, except as is required by law or court order.

16. All rights contained in this Consent Judgment, including, but not limited to, the right to enforce it, shall be freely assignable to the fullest extent permitted by law and shall apply to the Parties' successors and assigns, as well as their respective officers, directors, members, agents and/or representatives.

17. DISH and Jadoo waive any right to appeal herefrom, and consent to entry of this Consent Judgment without further notice.

18. Each Party is to bear its own attorneys' fees and costs as to the patent case only (Case No. 5:18-CV-05214) up to the date of the dismissal of the above-captioned case and not as to any relief recoverable in Paragraph 15 above.

19. Subject to this foregoing Consent Judgment and Stipulated Injunction, the above-captioned case is dismissed.

20. For the avoidance of doubt, the co-pending copyright case *DISH Network L.L.C. v.*

1  *Jadoo TV, Inc.* et al. Case No. 2:18-CV-9768-FMO-KS is not dismissed, released or affected in
2  any manner by this Consent Judgment and Stipulated Injunction.

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4   DATED: 5-24-2021

    _____
    Attorneys for Plaintiff

6   DATED: 5-24-2021                    /s/
    _____
    Attorneys for Defendant

9   PURSUANT TO STIPULATION, IT IS SO ORDERED.

11   DATED: May 28, 2021

     _____
     EDWARD J. DAVILA
     United States District Judge

BAKER BOTTS L.L.P.