TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
JASON BLUMBERG (CA SBN 330150)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Avenue, Suite 05-0153
San Francisco, CA  94102
Telephone:  (415) 705-3333
Facsimile:   (415) 705-3379
Email: jason.blumberg@usdoj.gov

Attorneys for Tracy Hope Davis,
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| **In re:**<br><br>**JADOOTV, INC.,**<br><br><br>**Debtor.** | Bankruptcy Case<br>No. 19-41283 WJL<br><br>Chapter 11<br><br>Date:      September 29, 2021<br>Time:     10:30 a.m. (Pacific Time)<br>Place:    United States Bankruptcy Court<br>             Courtroom 220<br>             1300 Clay Street<br>             Oakland, CA 94612 |

## OBJECTION OF THE UNITED STATES TRUSTEE TO SIXTH
## INTERIM FEE APPLICATION OF CHAN PUNZALAN LLP

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"),

hereby files this Objection to the sixth interim fee application (ECF No. 362) (the "Fee

Application") of Chan Punzalan LLP (the "Firm"), counsel for the above-referenced Debtor.  In

support of her Objection, the United States Trustee respectfully represents as follows:

1

# I.    INTRODUCTION

1.    The Firm's fee request should be reduced for three reasons.  *First*, the Firm's time records reflect that two attorneys billed for the same hearings and/or settlement conferences on March 30, 2021,  May 14, 2021, and June 17, 2021.  Absent an explanation for the necessity of more than one attorney, the Firm's fees should be reduced by **$6,320**, which represents the fees of the attorney with the lower billing rate.

2.    *Second*, the Firm's time records include three instances in which different tasks have been "lumped" into a single billing entry of at least 1 hour.  The fees associated with these time entries should be reduced by 20% or **$742.60**.

3.    *Finally*, the Firm's time records include three identical entries on March 18, 2021. Because two of the entries appear to be inadvertent duplicates of the third entry, the related fees of **$711** should be disallowed

4.    Accordingly, the Firm's fee request should be reduced by **$7,773.60** to **$113,936.40.**

# II.    BACKGROUND FACTS AND PROCEDURAL POSTURE

5.    On May 31, 2019, the Debtor filed a voluntary Chapter 11 bankruptcy petition. *See* ECF No. 1.  The Debtor is currently a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code.  As of the date of this Objection, no official committee of unsecured creditors has been appointed by the United States Trustee.

6.    On September 5, 2019, the Court entered an Order authorizing the Debtor to retain the Firm.  *See* ECF No. 124.  The Order authorized the Firm to represent the Debtor in two matters: (i) *DISH Network L.L.C. v. JadooTV, Inc., et al*, Case No. 20-cv-01891-CRB(LB)

Case: 19-41283    Doc# 371    Filed: 09/22/21    Entered: 09/22/21 10:30:29    Page 2 of 7

(N.D.Cal.) (the "Copyright Action"); and (ii) *DISH Network L.L.C. v. JadooTV, Inc., et al*, Case No. 5:18-cv-05214-EJD (the "Patent Action"). *See id.*; *see also* Fee Application, at p. 2 of 16.

7.    On March 29, 2021, the Court entered an Order amending the scope of the Firm's employment to include the matter entitled *Labbaik (Pvt) Ltd v. Jadoo TV, Inc. et al*., Case No. 4:20-vc-05878-KAW (N.D. Cal.) (the "Labbaik Action"). *See* ECF No. 353.

8.    According to the Fee Application, the Patent Action has been "fully resolved with DISH voluntarily dismissing the Patent Action." *See* Fee Application, at p. 7 of 16.  The Copyright Action and the Labbaik Action remain pending. *Id.*

9.    As of the date of this Objection, the Debtor has not filed a plan or a disclosure statement. *See* docket generally.  As stated in the fee application of the Debtor's general bankruptcy counsel, the Debtor "believes it is best not to propose a plan until some progress has been made toward liquidating the claims of DISH" in the Copyright Action." *See* ECF No. 365, at p. 7 of 13.

10.   According to the Debtor's operating report for July 2021, the Debtor's cash and cash equivalents total $499,153.  *See* ECF No. 361, at p. 2 of 4.

11.   In its Fee Application, the Firm seeks allowance of fees in the amount of $121,710 and reimbursement of expenses in the amount of $629.25 for the period of March 8, 2021 through September 1, 2021 (the "Fee Period").  *See* Fee Application, at pp. 2, 8, 15-16 of 16.[1]

///

///

---

[1]    For periods preceding the Fee Period, the Court has awarded the Firm fees of $306,791 and expenses of $2,166.99 on an interim basis.  *See* ECF Nos. 197, 243, 296, 330, and 354.

Case: 19-41283    Doc# 371    Filed: 09/22/21    Entered: 09/22/21 10:30:29    Page 3 of 7

### III.    OBJECTION

12.    Bankruptcy Code Section 330(a)(1) provides that:

> [a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, … an examiner, … or a professional person employed under section 327 or 1103 –
>
> (A) *reasonable compensation for actual, necessary services* rendered by the trustee, examiner … professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

*See* 11 U.S.C. § 330(a)(1)(A) and (B) (emphasis added).

13.    The fee applicant bears the burden of proof to show entitlement to the requested fees. *See In re Eliapo*, 298 B.R. 392, 402 (B.A.P. 9th Cir. 2003), *rev'd in part on other grounds*, 468 F.3d 592 (9th Cir. 2006); *In re Scoggins*, 517 B.R. 206, 221 (Bankr. E.D. Cal. 2014) ("The fee applicant has the burden of proof on the merits and bears the correlative risk of non-persuasion."); *In re Ginji Corp.*, 117 B.R. 983, 990 (Bankr. D. Nev. 1990) ("The applicant … has the burden of proof to show the reasonableness of the fees sought.").

**A.    The Final Fee Application Reflects Several Instances Where Two Attorneys Billed for Attending the Same Hearing or Conference.**

14.    The Firm's time records reflect several instances where two attorneys billed time for attending the same hearing or settlement conference.  Specifically: (i) Mr. Punzalan billed $900 and Ms. Byun billed $592.50 to appear at a discovery hearing on March 30, 2021; (ii) Mr. Punzalan billed $4,400 and Ms. Byun billed $3,357.50 to attend a settlement conference on May 14, 2021; and (iii) Mr. Punzalan billed approximately $3,650 and Ms. Byun billed $2,370 to attend a settlement conference on June 17, 2021.  *See Exhibit A* to Mr. Punzalan's Declaration (ECF No. 363-1), at pp. 21, 34 of 36.

4

15.     In total, Mr. Punzalan billed approximately $8,950 for these matters (approximately 17.9 hours at $500 per hour), while Ms. Byun billed $6,320 (16 hours at $395 per hour).  *Id.*

16.     Absent an explanation, Ms. Byun's fees of **$6,320** should be disallowed.  *See In re Sonicblue Inc.*, 2006 WL 2067882, at *6 (Bankr. N.D. Cal. July 24, 2006) ("Absent an explanation, participation by multiple attorneys in the same meeting, conference, or hearing constitutes non-compensable duplicative services."); *NDCA Guidelines for Compensation and Expense Reimbursement of Professionals and Trustee*s No. 16; *see also In re Ginji Corp.*, 117 B.R. at 993 ("When the necessity for multiple attorneys at a hearing has not been shown, such expense is not reasonable")*; In re B & W Mgmt., Inc.*, 63 B.R. 395, 405 (Bankr. D.D.C. 1986) ("As a general rule, this Court allows only the attorney with the higher or highest rate to bill for time spent in the conference.").

**B.     Fees for Services Described in "Lumped" Entries Should be Disallowed or Reduced.**

17.     The Firm's time records include three instances in which different tasks have been "lumped" into a single billing entry of at least one hour.  These entries are: (i) Ms. Byun's entry for 2.4 hours ($948 in fees) on April 13, 2021; (ii) Ms. Byrun's entry for 1 hour ($395 in fees) on April 6, 2021; and (iii) Ms. Byun's entry for 6 hours ($2,370 in fees) on April 22, 2021.  *See Exhibit A* to Mr. Punzalan's Declaration (ECF No. 363-1), at pp. 14, 22, 25 of 36.  The corresponding fees total approximately **$3,713.**  *Id.*

18.     "Lumping" multiple services into a single billing entry is "universally disapproved" by bankruptcy courts.  *See In re Thomas*, 2009 WL 7751299, at *5 (B.A.P. 9th Cir. July 6, 2009); *In re Duarte*, 2020 WL 6821723, at *3 (Bankr. D. Ariz. Aug. 4, 2020); *In re Prior*,

Case: 19-41283     Doc# 371     Filed: 09/22/21     Entered: 09/22/21 10:30:29     Page 5 of 7

2015 WL 5299459, at *2 (Bankr. E.D. Cal. Sept. 9, 2015); *see also NDCA Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* No. 14.

19.     "Lumping" prevents courts from assessing the reasonableness of the time spent on each of the activities.  *See In re Thomas*, 2009 WL 7751299, at *5, *7; *In re Reece*, 2020 WL 2027208, at *3 (Bankr. D. Ariz. Feb. 26, 2020) ("[B]lock billing prevents a court from being able to evaluate the necessity of services or the time spent on tasks …."); *see also In re Dutta*, 175 B.R. 41, 46−47 (B.A.P. 9th Cir. 1994).

20.     Courts may reduce compensation for "lumped" entries.  *See In re Thomas*, 2009 WL 7751299, at *6; *see also In re Virissimo*, 354 B.R. 284, 293 (Bankr. D. Nev. 2006) ("[E]ntries … that lump together different services are not compensable.").

21.     To do so, courts routinely apply across the board reductions in the number of hours.  *See*, *e.g.*, *In re Thomas,* 2009 WL 7751299, at *6-7 ("In setting a percentage penalty for lumping, most courts 'typically make an adjustment ranging from 5% to over 30%, which is consistent with the finding of the California State Bar's Committee on Mandatory Fee Arbitration that block billing may increase time by 10% to 30%.'") (citations omitted).

22.     Accordingly, the fees associated with the Firm's "lumped" time entries should be reduced by 20% or **$742.60**.  *Cf.  In re Stewart*, 2008 WL 8462960, at *6 (B.A.P. 9th Cir. Mar. 14, 2008) (bankruptcy court's reduction of time entries by 20% for lumping was not an abuse of discretion).

**C.     Some of the Firm's Time Entries May Be Inadvertent Duplicates of Other Time Entries.**

23.     The Firm's time records contain three entries on March 18, 2021 for Ms. Byun to "[r]eview previous correspondence, client file, and DISH's letter brief draft for documents; draft initial thoughts and correspond with client regarding our responses."  Each of these entries is for

6

.9 hours or $355.50 in fees. *See Exhibit A* to Mr. Punzalan's Declaration (ECF No. 363-1), at p. 19 of 36.

24.     Because two of the entries appear to be inadvertent duplicates of the third entry, the related fees of **$711** should be disallowed ($355.50 *multiplied by* 2 duplicative entries).  <u>See</u> 11 U.S.C. § 330(a)(1)(A);  *In re Harpole Constr., Inc.*, 2017 WL 1501384, at *2 (Bankr. D.N.M. Apr. 26, 2017) ("To be compensable, the fees must be for services that were *actual* and *necessary*.") (emphasis added).

### IV.     <u>CONCLUSION</u>

25.     Based on the foregoing, the United States Trustee respectfully requests that the Court (i) sustain the Objection, and (ii) disallow any fees for services that were duplicative, described in "lumped" time entries, or otherwise objectionable as set forth herein.  Accordingly, for the reasons set forth above, the United States Trustee requests that the Court reduce the Firm's fee request by **$7,773.60** to **$113,936.40**.

26.     The United States Trustee reserves all her rights, including to object to final allowance of the fees and expenses sought in the Fee Application.  *See In re Strand*, 375 F.3d 854, 858 (9th Cir. 2004) (interim fee awards are "'always'" subject to reexamination during the course of the case).

Dated: September 22, 2021                              TRACY HOPE DAVIS
                                                                          UNITED STATES TRUSTEE

                                                                          By:/s/ Jason Blumberg
                                                                          Jason Blumberg
                                                                          Trial Attorney for the United States Trustee

Case: 19-41283    Doc# 371    Filed: 09/22/21    Entered: 09/22/21 10:30:29    Page 7 of 7