Mark Punzalan (CA Bar No. 247599)
Email: mark@chanpunzalan.com
CHAN PUNZALAN LLP
22 Battery Street, Suite 401
San Francisco, CA 94111
Telephone: 650.362.4150
Facsimile: 650.362.4151

*Attorney for Debtors and*
*Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **In re:** | Bankruptcy Case No. 19-41283 (WJL) |
| **JADOOTV, INC.,** | Chapter 11 |
| **Debtor.** | **EIGHTH INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CHAN PUNZALAN LLP FOR THE PERIOD OF MARCH 9, 2022 TO SEPTEMBER 20, 2022**<br><br>Date: October 12, 2022<br>Time: 10:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 220<br>1300 Clay Street<br>Oakland, CA |

Chan Punzalan LLP ("Chan Punzalan" or the "Firm"), counsel for JadooTV, Inc. (the "Debtor") in the matters *DISH Network L.L.C. v. JadooTV, Inc.*, et al., Case No. 20-cv-01891-CRB(LB) (N.D. Cal.) ("Copyright Action"), *DISH Network L.L.C. v. JadooTV, Inc.*, et al., 5:18-cv-05214-EJD (N.D. Cal.) ("Patent Action"), and *Labbaik (Pvt) Ltd v. JadooTV, Inc., et al*., Case No. 4:20-cv-05878-KAW (N.D. Cal.) ("Labbaik Action") hereby submits its Eighth Interim Fee Application (the "Interim Application") for allowance and payment of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred for the period commencing March 9, 2022 to September 20, 2022 (the "Interim Fee Period"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* (the "Northern District Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

The Interim Application is based upon the points and authorities cited herein, the Declaration of Mark Punzalan filed concurrently herewith, the exhibits attached thereto, the pleadings, papers, and records on file in this case, and any evidence or argument that the Court may entertain at the time of the hearing on the Interim Application.

## CASE BACKGROUND AND STATUS

### A.    The Debtors' Bankruptcy Proceedings and Pending Litigation

The Debtor filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on May 31, 2019 (the "Petition Date"). The Debtor is represented by Keller Benvenutti Kim LLP. As described in the *Declaration of Sajid Sohail in Support of First Day Motions and Related Relief* [Docket No. 10], the Debtor filed this Chapter 11 Case because of the negative impact that the copyright and patent infringement litigation brought by DISH Network LLC and certain related parties (the "DISH Litigation") had on the Debtor's sales revenue and legal expenses.

Since filing the Chapter 11 Case, the Debtor and Sohail have had a substantial amount of duties related to the Copyright Action and Patent Action. Chan Punzalan's duties between July 4, 2019 and October 21, 2019 were previously detailed in Chan Punzalan's First Interim Application For Compensation And Reimbursement Of Expenses For Chan Punzalan LLP ("First

Application"). Chan Punzalan's duties between October 22, 2019 and February 13, 2020 were previously detailed in Chan Punzalan's Second Interim Application For Compensation And Reimbursement Of Expenses For Chan Punzalan LLP ("Second Application"). Chan Punzalan's duties between February 4, 2020 and July 3, 2020 were previously detailed in Chan Punzalan's Third Interim Application For Compensation And Reimbursement Of Expenses For Chan Punzalan LLP ("Third Application"). Chan Punzalan's duties between July 4, 2020 and November 1, 2020 were previously detailed in Chan Punzalan's Fourth Interim Application For Compensation And Reimbursement Of Expenses For Chan Punzalan LLP ("Fourth Application"). Chan Punzalan's duties between November 2, 2020 and March 7, 2021 were previously detailed in Chan Punzalan's Fifth Interim Application For Compensation And Reimbursement Of Expenses For Chan Punzalan LLP ("Fifth Application"). Chan Punzalan's duties between March 8, 2021 to September 1, 2021 were previously detailed in Chan Punzalan's Sixth Interim Application For Compensation And Reimbursement Of Expenses For Chan Punzalan LLP ("Sixth Application"). Chan Punzalan's duties between September 2, 2022 and March 8, 2022 were previously detailed in Chan Punzalan's Seventh Interim Application For Compensation And Reimbursement Of Expenses For Chan Punzalan LLP ("Seventh Application").

As discussed more fully below, Chan Punzalan has continued to actively litigate the Copyright Action and the Patent Actions since November 2, 2020. However, the Patent Action was fully resolved resulting in a dismissal of the case. The Court has also authorized the retention of Chan Punzalan as special litigation for the Debtor in the Labbaik action.

**B.     The Debtor's Retention of Chan Punzalan**

On September 5, 2019, the Court entered the *Order Authorizing Retention of Chan Punzalan LLP as Debtors' Litigation Counsel, Nunc Pro Tunc to July 1, 2019* [Docket No. 124] (the "Retention Order"). The Retention Order authorizes the Debtor to compensate and reimburse the Firm pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Northern District Guidelines. Subject to the Firm's application to the Court, the Debtor is also authorized by the Retention Order to compensate Chan Punzalan at the Firm's standard hourly rates for services performed and to reimburse it for actual and necessary expenses incurred. The Retention Order

authorizes Chan Punzalan to render the legal services necessary to representing the Debtor in the Copyright Action and the Patent Action.

On March 29, 2021, the Court also entered the *Order Amending the Scope of Employment of Chan Punzalan LLP Effective As of August 21, 2020* [Docket No. 353] (the "<u>Amended Retention Order</u>"). The Amended Retention Order authorized the amendment of the scope of Debtor's employment of the Firm to include its representation of the Debtor in the Labbaik Action.

**C.   The First Interim Application**

Chan Punzalan filed its *First Interim Application for Compensation and Reimbursement of Expenses for the Period of July 2, 2019 to October 21, 2019* [Dkt. No. 178] (the "First Interim Application"), on October 23, 2019, seeking compensation and reimbursement of expenses for the period from July 2, 2019 to October 21, 2019 (the "First Interim Fee Period"). The First Interim Application contains a thorough description of the legal services performed by the Firm during the First Interim Fee Period. Chan Punzalan Applicant amended its Application to exclude $18,207.00 in fees incurred for work performed for Sajid Sohail. The Court held a hearing on the First Interim Application on November 13, 2019, and granted the amounts requested (after amendment) in full. See Dkt. No. 197, Order Granting First Interim Application for Compensation and Reimbursement of Expenses for Chan Punzalan LLP for the Period of July 2, 2019 to October 21, 2019 (allowing $45,662.50 in compensation and $711.83 in reimbursement of expenses for First Interim Fee Period). The Firm has been paid all fees and expenses allowed by the order granting the First Interim Application.

**D.   The Second Interim Application**

Chan Punzalan filed its *Second Interim Application for Compensation and Reimbursement of Expenses for the Period of October 22, 2019 to February 13, 2020* [Dkt. No. 232] (the "Second Interim Application"), on February 19, 2020, seeking compensation and reimbursement of expenses for the period from October 22, 2019 to February 13, 2020 (the "Second Interim Fee Period"). The Second Interim Application contains a thorough description of the legal services performed by the Firm during the Second Interim Fee Period. The Court held a hearing on the

Second Interim Application on March 11, 2020, and granted the amounts requested in full. See Dkt. No. 243, Order Granting Second Interim Application for Compensation and Reimbursement of Expenses for Chan Punzalan LLP for the Period of October 22, 2019 to February 13, 2020 (allowing $45,037.50 in compensation and $309.36 in reimbursement of expenses for the Second Interim Fee Period). The Firm has been paid all fees and expenses allowed by the order granting the Second Interim Application.

### E.    The Third Interim Application

Chan Punzalan filed its *Third Interim Application for Compensation and Reimbursement of Expenses for the Period of February 14, 2020 to July 3, 2020* [Dkt. No. 284] (the "Third Interim Application"), on July 8, 2020, seeking compensation and reimbursement of expenses for the period from February 14, 2020 to July 3, 2020 (the "Third Interim Fee Period"). The Third Interim Application contains a thorough description of the legal services performed by the Firm during the Third Interim Fee Period. On July 23, 2020, Chan Punzalan filed a Supplemental Memorandum Regarding the Third Interim Application ("Supplement to the Third Interim Application") to exclude time entries and expenses incurred in litigating Mr. Sohail's motion for judgment on the pleadings that were inadvertently included in the Third Interim Application.

The Court held a hearing on the Third Interim Application on July 31, 2020, and granted the amounts requested in the Supplement to the Third Interim Application. See Dkt. No. 296, Order Granting Third Interim Application for Compensation and Reimbursement of Expenses for Chan Punzalan LLP for the Period of February 14, 2020 to July 3, 2020 (allowing $134,782.50 in compensation and $1,087.60 in reimbursement of expenses for the Third Interim Fee Period). The Firm has been paid all fees and expenses allowed by the order granting the Third Interim Application.

### F.    The Fourth Interim Application

Chan Punzalan filed its *Fourth Interim Application for Compensation and Reimbursement of Expenses for the Period of July 4, 2020 to November 1, 2020* [Dkt. No. 323] (the "Fourth Interim Application"), on November 4, 2020, seeking compensation and reimbursement of expenses for the period from July 4, 2020 to November 1, 2020 (the "Fourth Interim Fee Period").

The Fourth Interim Application contains a thorough description of the legal services performed by the Firm during the Fourth Interim Fee Period. On November 20, 2020, Chan Punzalan filed a Supplemental Memorandum Regarding the Fourth Interim Application ("Supplement to the Fourth Interim Application") to exclude time entries and expenses incurred in litigating Mr. Sohail's motion for judgment on the pleadings that were inadvertently included in the Fourth Interim Application.

The Court held a hearing on the Fourth Interim Application on November 25, 2020, and granted the amounts requested in the Supplement to the Fourth Interim Application. See Dkt. No. 330, Order Granting Fourth Interim Application for Compensation and Reimbursement of Expenses for Chan Punzalan LLP for the Period of July 4, 2020 to November 1, 2020 (allowing $65,093.50 in compensation and $35.70 in reimbursement of expenses for the Fourth Interim Fee Period). The Firm has been paid all fees and expenses allowed by the order granting the Fourth Interim Application.

### G. The Fifth Interim Application

Chan Punzalan filed its *Fifth Interim Application for Compensation and Reimbursement of Expenses for the Period of November 2, 2020 to March 7, 2021* [Dkt. No. 339] (the "Fifth Interim Application"), on March 10, 2021, seeking compensation and reimbursement of expenses for the period from November 2, 2020 to March 7, 2021 (the "Fifth Interim Fee Period"). The Fifth Interim Application contains a thorough description of the legal services performed by the Firm during the Fifth Interim Fee Period. On March 23, 2021, Chan Punzalan filed a Supplemental Memorandum Regarding the Fifth Interim Application ("Supplement to the Fifth Interim Application") and excluded time incurred in representing the Debtor in the Labbaik action after conferring with counsel for the United States Trustee.

The Court held a hearing on the Fifth Interim Application on March 31, 2021, and granted the amounts requested in the Supplement to the Fifth Interim Application. See Dkt. No. 351, Order Granting Fifth Interim Application for Compensation and Reimbursement of Expenses for Chan Punzalan LLP for the Period of November 21, 2020 to March 7, 2021 (allowing $16,215.00 in compensation and $22.50 in reimbursement of expenses for the Fifth Interim Fee Period). The

Firm has been paid all fees and expenses allowed by the order granting the Fifth Interim Application.

**H.    The Sixth Interim Application**

Chan Punzalan filed its *Sixth Interim Application for Compensation and Reimbursement of Expenses for the Period of March 8, 2021 to September 1, 2021* [Dkt. No. 362] (the "Sixth Interim Application"), on September 8, 2021, seeking compensation and reimbursement of expenses for the period from March 8, 2021 to September 1, 2021 (the "Sixth Interim Fee Period"). The Sixth Interim Application contains a thorough description of the legal services performed by the Firm during the Sixth Interim Fee Period.

The Court held a hearing on the Sixth Interim Application on October 20, 2021, and granted the amounts requested in the Supplement to the Sixth Interim Application. See Dkt. No 377, Order Granting Sixth Interim Application for Compensation and Reimbursement of Expenses for Chan Punzalan LLP for the Period of March 8, 2021 to September 1, 2021 (allowing $120,256.40 in compensation and $629.25 in reimbursement of expenses for the Sixth Interim Fee Period). The Firm has been paid all fees and expenses allowed by the order granting the Sixth Interim Application.

**I.    The Seventh Interim Application**

Chan Punzalan filed its *Seventh Interim Application for Compensation and Reimbursement of Expenses for the Period of September 8, 2021 to March 8, 2022* [Dkt. No. 385] (the "Seventh Interim Application") on March 9, 2022, seeking compensation and reimbursement of expenses for the period of September 8, 2021 to March 8, 2022 (the "Seventh Interim Fee Period"). The Seventh Interim Application contains a thorough description of the legal services performed by the Firm during the Seventh Interim Fee Period.

The Court held a hearing on the Seventh Interim Application on April 20, 2022, and granted the amounts requested in the Supplement to the Seventh Interim Application. See Dkt. No. 399, Order Granting Seventh Interim Application for Compensation and Reimbursement of Expenses for Chan Punzalan LLP for the Period of September 8, 2021 to March 8, 2022 (allowing $25,983.00 in compensation and $97.40 in reimbursement of expenses for the Seventh Interim Fee

Period). The Firm has been paid all fees and expenses allowed by the order granting the Seventh Interim Application.

**J.     The Eighth Interim Fee Period of March 9, 2022 to September 20, 2022**

*Discovery Disputes*

During the Interim Fee Period, DISH continued to engage in extensive and aggressive discovery tactics against JadooTV. As such, JadooTV was required to spend an inordinate amount of its resources in addressing DISH's comprehensive meet and confer letters and requests for supplemental discovery.

On March 31, 2022, DISH sent a letter requesting the depositions of seven JadooTV "witnesses", including a continuation of JadooTV's 30(b)(6) witness, Sajid Sohail. On April 21, 2022, JadooTV sent a response to DISH's March 31 letter objecting to a continuation of the 30(b)(6) deposition. DISH sent a subsequent letter on this issue on May 9, 2022, and JadooTV responded to that letter on May 23, 2022.

On July 28, 2022, DISH sent a letter addressing sixteen new discovery "issues", with a lot of the issues dating back to 2018. Because DISH's counsel did not raise most of the issues for over two years, Chan Punzalan was forced to gather information from JadooTV's prior counsel, O'Melveny & Myers, in addition to analyzing previous discovery and document production to evaluate the validity of DISH's claims. JadooTV responded to DISH's letter on August 19, 2022, and thereafter worked to supplement previously served discovery responses and documents.

On September 12, 2022, DISH filed a discovery letter brief with Magistrate Judge Beeler regarding Chan Punzalan's alleged failure to meet and confer by telephone pursuant to Judge Beeler's standing order. Before Chan Punzalan could dispute the allegations in DISH's discovery letter brief, on September 13, the Court granted DISH's discovery letter brief and ordered the parties to meet and confer by telephone by September 23, 2022.

*Depositions*

On April 6, 2022, DISH served a Notice of Deposition of Faisal Aftab and IDC Resources (Pvt.) Limited. Mr. Aftab's deposition was broken up into two days. Counsel for JadooTV, Nicole

Daryanani, attended and defended the depositions on behalf of JadooTV. Separate counsel for Mr. Aftab defended the depositions on behalf of Mr. Aftab.

On August 24, 2022, DISH served a Notice of Deposition of Ahsan Salahuddin. Counsel for JadooTV, Nicole Daryanani, attended and defended the deposition on behalf of JadooTV.

*Case Management*

On August 5, 2022, the parties filed a Joint Case Management Statement and Proposed Order. On August 5, 2022, the Court set the following pretrial schedule:

- Completion of fact discovery: November 11, 2022
- Initial expert witness disclosures: December 12, 202
- Rebuttal expert witness disclosures: January 12, 2023
- Completion of expert discovery: February 13, 2023
- Dispositive motions: March 13, 2023

**K.     Professional Compensation and Reimbursement of Expenses**

By this Interim Application, the Firm seeks interim allowance of compensation in the amount of $71,655.00 and actual and necessary expenses in the amount of $1,816.65 for a total allowance of $73,471.65 for the Interim Fee Period.

All services for which Chan Punzalan requests compensation were performed for or on behalf of the Debtor. Chan Punzalan has received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Interim Application.

There is no agreement or understanding between Chan Punzalan and any other person other than the partners of Chan Punzalan for the sharing of compensation to be received for services rendered in these cases.

The Firm has billed the Debtor in this Chapter 11 Case in accordance with its existing billing rates and procedures in effect during the Interim Fee Period. These rates are the same rates Chan Punzalan charges for services rendered by its attorneys and paraprofessionals in comparable matters and are reasonable given the compensation charged by comparably skilled practitioners in similar matters in both the California and national markets.

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. section 157(b). Venue is proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

## PROJECT BILLING AND NARRATIVE STATEMENT OF SERVICES RENDERED

During the Interim Fee Period, Chan Punzalan professionals and paraprofessionals expended 154.8 hours on behalf of the Debtor. Chan Punzalan's professionals and paraprofessionals bill at hourly rates ranging from $180 to $585. The names and hourly rates of the professionals and paraprofessionals of the Firm who expended time during the Interim Fee Period are as follows:

| Professional | Position | Date Admitted | Hourly Rate (2022) |
|---|---|---|---|
| Mark Punzalan | Partner | 2006 | $585 |
| Shinhong Byun | Senior Counsel | 2009 | $480 |
| Nicole Daryanani | Associate | 2019 | $465 |
| Ashley Ayad | Associate | 2019 | $435 |
| Lawrence Ng | Associate | 2019 | $435 |
| Erik Landaverde | Paralegal | N/A | $180 |

In accordance with the Northern District Guidelines and the Local Rules, the Firm has classified services performed into five specific categories set forth below. Chan Punzalan has attempted to place the services provided in the category that best relates to such services; because certain services may relate to one or more categories, however, services pertaining to one category may in fact be included in another category.

The following chart summarizes project billing categories and the total hours expended for each category during the Interim Fee Period and is followed by a narrative and detail.

/ / /

/ / /

| Category | Total Hours | Fees |
|---|---|---|
| A.  Copyright Action - Case Management | 24.8 | $11,673.00 |
| B.  Copyright Action - Discovery Production, Propounding and Conferences | 122.3 | $56,284.50 |
| C.  Bankruptcy Matter - Communications with Co-counsel and Case Management | 4.2 | $2,121.00 |
| D.  Bankruptcy Matter - Pleadings and Hearings | 3.3 | $1,459.50 |
| E.  Settlement and ADR Discussions and Conferences | 0.2 | $117.00 |

## A.  Copyright Action - Case Management Matters

This billing code relates to work performed by Chan Punzalan professionals with respect to the case management of the Copyright Action. As counsel of record in the Copyright Action, the Firm and its paraprofessionals handled all aspects of case management and logistics with respect to the Copyright Action.

| Professional or Paraprofessional | Hours | Fees |
|---|---|---|
| Mark Punzalan | 3.1 | $1,813.50 |
| Nicole Daryanani | 8.5 | $3,952.50 |
| Erik Landaverde | 0.8 | $144.00 |
| Shinhong Byun | 8.2 | $3,936.00 |
| Lawrence Ng | 2.7 | $1,174.50 |
| Ashley Ayad | 1.5 | $652.50 |
| **Total** | **24.8** | **$11,673.00** |

## B.  Copyright Action - Discovery

As addressed above, Chan Punzalan has worked extensively with DISH's counsel to resolve discovery disputes and provide witnesses for deposition.

During the Interim Fee Period, DISH continued to engage in extensive and aggressive discovery tactics against JadooTV. As such, JadooTV was required to spend an inordinate amount of its resources in addressing DISH's comprehensive meet and confer letters and requests for supplemental discovery.

On March 31, 2022, DISH sent a letter requesting the depositions of seven JadooTV "witnesses", including a continuation of JadooTV's 30(b)(6) witness, Sajid Sohail. On April 21, 2022, JadooTV sent a response to DISH's March 31 letter objecting to a continuation of the 30(b)(6) deposition. DISH sent a subsequent letter on this issue on May 9, 2022, and JadooTV responded to that letter on May 23, 2022.

On July 28, 2022, DISH sent a letter addressing sixteen new discovery "issues", with a lot of the issues dating back to 2018. Because DISH's counsel did not raise most of the issues for over two years, Chan Punzalan was forced to gather information from JadooTV's prior counsel, O'Melveny & Myers, in addition to analyzing previous discovery and document production to evaluate the validity of DISH's claims. JadooTV responded to DISH's letter on August 19, 2022, and thereafter worked to supplement previously served discovery responses and documents.

On September 12, 2022, DISH filed a discovery letter brief with Magistrate Judge Beeler regarding Chan Punzalan's alleged failure to meet and confer by telephone pursuant to Judge Beeler's standing order. Before Chan Punzalan could dispute the allegations in DISH's discovery letter brief, on September 13, the Court granted DISH's discovery letter brief and ordered the parties to meet and confer by telephone by September 23, 2022.

On April 6, 2022, DISH served a Notice of Deposition of Faisal Aftab and IDC Resources (Pvt.) Limited. Mr. Aftab's deposition was broken up into two days. Counsel for JadooTV, Nicole Daryanani, attended and defended the depositions on behalf of JadooTV. Separate counsel for Mr. Aftab defended the depositions on behalf of Mr. Aftab.

On August 24, 2022, DISH served a Notice of Deposition of Ahsan Salahuddin. Counsel for JadooTV, Nicole Daryanani, attended and defended the deposition on behalf of JadooTV.

/ / /

| Professional or Paraprofessional | Hours | Fees |
|---|---|---|
| Mark Punzalan | 13.2 | $7,722.00 |
| Nicole Daryanani | 80.9 | $37,618.50 |
| Erik Landaverde | 5.7 | $1,026.00 |
| Shinhong Byun | 2.9 | $1,392.00 |
| Lawrence Ng | 15.1 | $6,568.50 |
| Ashley Ayad | 4.5 | $1957.50 |
| **Total** | **122.3** | **$56,284.50** |

### C. Communications with Co-counsel and Case Management Regarding Bankruptcy Matter

This billing code relates to all aspects of communications with Keller Benvenutti Kim regarding the Debtor's bankruptcy case. The Firm's role as the Debtor's counsel in the Copyright Action necessitates frequent consultation with Keller Benvenutti Kim to keep the Chapter 11 Case and Copyright Action running smoothly. This work involves communications relating to various hearings and scheduling issues, including updates regarding the Copyright Action, as well as coordination regarding the Seventh Interim Application and this Interim Application.

| Professional or Paraprofessional | Hours | Fees |
|---|---|---|
| Mark Punzalan | 1.5 | $877.50 |
| Nicole Daryanani | 2.3 | $1,069.50 |
| Lawrence Ng | 0.4 | $174.00 |
| **Total** | **4.2** | **$2,121.00** |

### D. Pleadings and Appearances in Bankruptcy Action

During the Interim Fee Period, Chan Punzalan worked with Keller Benvenutti Kim to prepare responses and pleadings in the Chapter 11 Case. These filings included work on the Seventh Interim Application and this Interim Application.

| Professional or Paraprofessional | Hours | Fees |
|---|---|---|
| Mark Punzalan | 0.8 | $468.00 |
| Nicole Daryanani | 1.9 | $883.50 |
| Erik Landaverde | 0.6 | $108.00 |
| **Total** | **3.3** | **$1,459.50** |

### E. Settlement and ADR Discussions and Conferences

During the Interim Period, the Firm conferred with JadooTV's principal regarding settlement strategy for the Copyright Action.

| Professional or Paraprofessional | Hours | Fees |
|---|---|---|
| Mark Punzalan | 0.2 | $117.00 |
| **Total** | **0.2** | **$117.00** |

## EXPENSE SUMMARY
## MARCH 9, 2022 TO SEPTEMBER 20, 2022

As is its typical practice in chapter 11 cases, the Firm advanced costs on behalf of the Debtor in connection with the discharge of the duties described in the Interim Application. During the Interim Fee Period, Chan Punzalan incurred a total of $1,816.65 in expenses. These expenses consisted of the certified deposition transcript fees in the Copyright Action. Receipts for all significant expenses have been provided to the Debtor.

## LEGAL BASIS FOR INTERIM COMPENSATION

The professional services for which Chan Punzalan requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of Chan Punzalan's professional responsibilities as attorneys for the Debtor in this Chapter 11 Case and the Copyright Action. Chan Punzalan's services have been necessary and beneficial to the Debtor and its estate, creditors, and other parties in interest.

In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Chan Punzalan respectfully submits that the amount requested by Chan Punzalan is fair and reasonable given the complexity of this Chapter 11 Case and the related Copyright Action, the Patent Action, and the Labbaik Action, the time expended, the nature and extent of the services rendered, the value of such services, and the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, Chan Punzalan has reviewed the requirements of the Northern District Guidelines, and the UST Guidelines and believes that the Interim Application complies with all of them except as specifically noted herein.

## AVAILABLE FUNDS

The Firm understands that the Debtor's estate has sufficient funds available to pay the fees and costs sought herein.

## NOTICE

Notice of the Interim Application has been provided to all creditors and parties in interest in this Chapter 11 Case. Chan Punzalan submits that, in view of the facts and circumstances of this Chapter 11 Case, such notice is sufficient, and no other or further notice need be provided.

## CONCLUSION

Chan Punzalan respectfully requests an interim allowance to Chan Punzalan for compensation in the amount of $71,655.00 and reimbursement of actual and necessary expenses in the amount of $1,816.65 and an authorization for payment of a total allowance of $73,471.65 and for such other and further relief as this Court deems proper.

Dated: September 21, 2022

CHAN PUNZALAN LLP

*/s/ Mark Punzalan*
Mark Punzalan

*Attorneys for Debtors and Debtor in Possession*