GREGORY S. POWELL (CA SBN 182199)
Assistant United States Trustee
JASON BLUMBERG (CA SBN 330150)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the U.S. Trustee
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102
Telephone: (415) 252-2080
Facsimile: (415) 705-3379
Email: jason.blumberg@usdoj.gov

Attorneys for Tracy Hope Davis,
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>**JADOOTV, INC.,**<br><br>Debtor. | Case No. No. 19-41283 WJL<br><br>Chapter 11<br><br>Date: February 8, 2023<br>Time: 10:30 A.M.<br>Place: In Person or by Zoom<br><br>Judge: William J. Lafferty |

**MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO CONVERT OR DISMISS CHAPTER 11 CASE**

Tracy Hope Davis, United States Trustee for Region 17 (the "UST"), by and through her undersigned counsel, hereby files this motion (the "Motion") to convert or dismiss this case pursuant to 11 U.S.C. § 1112(b)(1) and 11 U.S.C. § 1112(b)(4)(A).

## I.  PRELIMINARY STATEMENT

1. Although this case has been pending for more than three years, the Debtor has not filed a plan or disclosure statement. Moreover, based on information reported on the

Debtor's monthly operating report for November 2022, it appears that the Debtor's disbursements have exceeded its receipts by $351,467 during the case.

2.  Based on the foregoing and as set forth further below, it appears that (i) the Debtor's estate is suffering a substantial and continuing loss and/or diminution, and (ii) there is no reasonable likelihood of rehabilitation. Thus, there is "cause" to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b)(4)(A).

## II. STATEMENT OF FACTS

**General Case Background**

3.  On May 31, 2019 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 bankruptcy petition. *See* ECF No. 1. The Debtor is currently a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code. As of the date of this Motion, no official committee of unsecured creditors has been appointed by the UST.

4.  The Debtor is a wholly-owned subsidiary of CloudStream Media, Inc. ("CSM"). *See* ECF No. 10 (first day declaration of Sajid Sohail) (the "First Day Declaration"), at ¶ 6. Like the Debtor, CSM also filed a Chapter 11 petition on the Petition Date. *See* Case No. 19-41284. CSM's bankruptcy case was dismissed on December 6, 2019. *See* ECF No. 19 in Case No. 19-41284.[1]

5.  Mr. Sohail is the majority owner of CSM and the CEO of both the Debtor and CSM. *See* First Day Declaration, at ¶¶ 1, 6.

6.  According to the First Day Declaration, the Debtor is a "market leader in providing Internet Protocol television … to South Asian and Middle Eastern customers globally. JadooTV provides content to its customers in Urdu, Hindi, Dari, Pashto, Bangla, Punjabi, Farsi,

---

[1] Prior to dismissal, CSM's case had been jointly administered with the Debtor's case. *See* ECF No. 16.

and English.  Viewers access JadooTV on JadooTV set top boxes that JadooTV sells, as well as through JadooTV applications for Smart TVs, mobile devices, and other connected devices." *See* First Day Declaration, at ¶ 7.

**The Dish Litigation**

7. The Debtor filed this case "because of the negative impact that the copyright and patent infringement litigation brough by DISH Network LLC and certain related parties … had on the Debtors' sales revenue and legal expenses." *See* ECF No. 69 (Debtor's status conference statement), at ¶ 1.

8. The patent litigation was entitled *DISH Technologies L.L.C. and Sling TV L.L.C. v. JadooTV, Inc.*, Case No. 5:18-cv-05214-EJD (N.D.Cal.) (the "Patent Action").  According to the most recent fee application of the Debtor's special counsel, the Patent Action was "fully resolved resulting in a dismissal of the case." *See* ECF No. 408, at p. 3 of 15.

9. The copyright litigation is entitled *DISH Network L.L.C. v. JadooTV, Inc., et al*, Case No. 20-cv-01891-CRB(LB) (N.D.Cal.) (the "Copyright Action").  The Copyright Action remains pending. *See* ECF No. 408, at pp. 2-3 of 15.

10. On January 8, 2020, the Court granted DISH Network L.L.C. relief from the automatic stay to liquidate its claim against the Debtor in the Copyright Action. *See* ECF No. 218.

11. According to the Case Management Order entered on August 5, 2022 in the Copyright Action, it appears that: (i) the deadline for completion of fact discovery is November 11, 2022; (ii) the deadline for completion of expert discovery is February 13, 2023; and (iii) the deadline for filing dispositive motions is March 13, 2023.  No trial date has been set. *See* ECF No. 218 in the Copyright Action.

**The Debtor's Assets and Liabilities**

12. According to the Debtor's amended Schedule A/B, the value of the Debtor's assets on the Petition Date was $1,312,546.30. The Debtor's scheduled assets include: (i) cash and cash equivalents with a value of $513,135.30; (ii) accounts receivable valued at $397,759; and (iii) inventory valued at $357,110. *See* amended Schedule A/B (ECF No. 64), at items 3-5, 11, 21, and 92.

13. According to the Debtor's Schedule D, there are no secured claims in this case. *See* ECF No. 44.

14. According to Part 1 of the Debtor's Schedule E/F, there are five priority claims in the aggregate amount of $40,154. *See* Schedule E/F (ECF No. 44), at Part 1 and item 5a.

15. According to Part 2 of Schedule E/F, there are ten general unsecured claims in the aggregate amount of $7,221,708.52. The largest general unsecured claim is DISH Network, LLC's claim for $6,450,000. *See* Schedule E/F (ECF No. 44), at Part 2, Claim 3.3. and item 5.b.

16. According to the claims register, nine claims have been filed in this case. The aggregate amount of those claims is $14,869,126.45. This amount includes: (i) DISH Network LLC's proof of claim for $13,650,000; (ii) DISH Technologies L.L.C.'s proof of claim for $500,000; and (iii) Sling TV L.L.C.'s proof of claim for $500,000. *See* Proof of Claim Nos. 5-2, 6-1, and 7-1; Declaration of Kristin A. McAbee filed herewith (the "McAbee Declaration"), at ¶ 9.

///

///

///

**The Debtor's Operating Report for November 2022**

17. The Debtor's most recently filed operating report is for the month of November 2022. *See* ECF No. 421 (the "November MOR"); *see also* McAbee Declaration, at ¶ 3.

18. On the November MOR, the Debtor reported having a cash balance of $144,401. *See* November MOR, at p. 2 of 12; *see also* McAbee Declaration. at ¶ 4.

19. Thus, based on the November MOR and amended Schedule A/B, it appears that the Debtor's cash has declined by $368,734.30 during this case ($513,135.30 reported on amended Schedule A/B *minus* $144,401 reported on the November MOR). *See* McAbee Declaration. at ¶¶ 7-8.

20. On the November MOR, the Debtor further reported that its total cash receipts during the case have been $7,411,334; and its total cash disbursements during the case have been $7,762,801. *See* November MOR, at p. 2 of 12.

21. Thus, based on the information reported on the November MOR, it appears that the Debtor's disbursements have exceeded its receipts by $351,467 during the case ($7,762,801 in disbursements *minus* $7,411,334 in receipts). *See* McAbee Declaration. at ¶¶ 5-6.

**The Debtor has not Filed a Plan**

22. As of the filing of the Motion, the Debtor has not filed a plan or a disclosure statement. *See* McAbee Declaration. at ¶ 3; docket generally.

23. As stated in the most recent fee application of the Debtor's general bankruptcy counsel, the Debtor "believes it is best not to propose a plan until some progress has been made toward liquidating the claims of DISH" in the Copyright Action. *See* ECF No. 405, at p. 8 of 14.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

**A.  Cause Exists Under 11 U.S.C. § 1112(b)(1) to Convert or Dismiss this Bankruptcy Case.**

24. 11 U.S.C. §1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

25. Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *In re Consolidated Pioneer Mortgage Entities*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd*, 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under § 1112(b). *Id*.

26. As movant, the UST bears the burden of establishing by a preponderance of the evidence that cause exists. *See In re Sullivan,* 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014).

27. Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be dismissed or converted even at its outset. *See In re Johnston*, 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal or conversion is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. *See In re Sullivan*, 522 B.R. at 612.

**B. Cause Exists Under 11 U.S.C. § 1112(b)(4)(A) because There is a Continuing Loss to or Diminution of the Estate and no Reasonable Likelihood of Rehabilitation.**

28. "Cause" exists to dismiss this case pursuant to Section 1112(b)(4)(A), which provides that a case shall be dismissed or converted for "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."

29. As the movant under § 1112(b)(4)(A), the UST is required to demonstrate both (i) a substantial or continuing loss to or diminution of the estate, and (ii) the absence of a reasonable likelihood of rehabilitation. *See In re Hassen Imports P'ship*, 2013 WL 4428508, at *13 (B.A.P. 9th Cir. Aug. 19, 2013).

30. As to the first prong of the test, "The loss may be substantial or continuing. It need not be both in order to constitute cause under § 1112(b)(4)(A)." *Id.* (citations omitted). In order to make the determination required by the first prong of the statutory test, "the bankruptcy court must look beyond financial statements and fully evaluate the present condition of a debtor's estate." *Id.*

31. For instance, the court may consider "dwindling liquidity, or illiquidity resulting in unpaid postpetition debts" as well as continuing losses or maintaining a negative cash flow following the bankruptcy filing. *Id.*; *see also In re Wide W. Servs., LLC*, 2013 WL 5201383, at *3 (Bankr. E.D. Cal. Sept. 12, 2013); *In re Schriock Construction, Inc.*, 167 B.R. 569, 575 (Bankr. D.N.D. 1994) ("This element can be satisfied by demonstrating that the debtor ... maintained a negative cash flow position after the entry of the order for relief.").

32. Here, the first prong of Section 1112(b)(4)(A) is satisfied. During the course of the case, the Debtor's cash has declined from $513,135.30 on the Petition Date (as reflected on amended Schedule A/B) to $144,401 (as reflected on the November MOR). Moreover, as

reflected on the November MOR, the Debtor's disbursements have exceeded its receipts by $351,467 during the case. *See* ¶¶ 19, 21, *supra*.

33. In order to satisfy the second prong of Section 1112(b)(4)(A):

> …a movant must demonstrate that the debtor does not have a reasonable likelihood of rehabilitation. As used in § 1112(b)(4)(A), "rehabilitation does not necessarily denote reorganization, which could involve liquidation. Instead, rehabilitation signifies something more, with it being described as 'to put back in good condition; re-establish on a firm, sound basis.'" … "'*Rehabilitation' is a different and ... much more demanding standard than 'reorganization.*'" … "The purpose of § 1112(b) (1) is to 'preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation.'"

*In re Creekside Sr. Apartments, L.P.*, 489 B.R. 51, 61 (B.A.P. 6th Cir. 2013) (internal citations omitted) (emphasis added).

34. "The issue of rehabilitation for purposes of Section 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *In re TMT Procurement Corp.*, 534 B.R. 912, 920 (Bankr. S.D. Tex. 2015) (*quoting In re LG Motors, Inc.*, 422 B.R. 110, 116 (Bankr. N.D. Ill.2009)).

35. Here, the second prong of Section 1112(b)(4)(A) is satisfied. Although this case has been pending for more than three years, the Debtor still has not filed a plan or disclosure statement.

**C. Once Cause is Established, the Debtor has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).**

36. Once "cause" is established, the burden then shifts to the debtor to demonstrate that §1112(b)(2) precludes relief under §1112(b)(1). *See In re Sanders*, 2013 WL 1490971, at *7 (B.A.P. 9th Cir. April 11, 2013). The only exception to conversion or dismissal would be if the

8

bankruptcy court specifically identifies "unusual circumstances" that establish that such relief is not in the best interest of creditors and the estate. *See* 11 U.S.C. §1112(b)(1).

37. For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identif[y]" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See In re Warren*, 2015 WL 3407244, at *4 (B.A.P. 9th Cir. May 28, 2015).

38. In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B). Section 1112(b)(2) provides:

> . . . *and* the debtor or any other party in interest establishes that–
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
> (i) for which there exists a reasonable justification for the act or omission; *and*
>
> (ii) that will be cured within a reasonable period of time fixed by the court.

*See* 11 U.S.C. § 1112(b)(2) (emphasis added).

39. Importantly, the Debtor must establish each of the statutory elements set forth under Section 1112(b)(2) because the statute is written in the conjunctive. *In re Om Shivai, Inc.*, 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011).

40. The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion.

**D.  Dismissal Appears to be More Appropriate than Conversion**

41. Once it has been determined that there is "cause" to dismiss or convert a case to Chapter 7 pursuant to Bankruptcy Code Section 1112(b), a choice must be made between conversion and dismissal based on the "'best interests of creditors and the estate.'" *See In re Rand*, 2010 WL 6259960, at *10 & n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (internal citations omitted) (identifying ten factors courts have used to determine whether dismissal or conversion is in the best interests of creditors and the estate under §1112(b)(1)).

42. Here, it appears that there are assets that a Chapter 7 trustee could administer. Even so, resolution of the Debtor's dispute with Dish Network, L.L.C. - the Debtor's primary creditor - outside bankruptcy may better preserve the Debtor's enterprise value.

43. Thus, dismissal of this case appears to be the more appropriate remedy. *See In re Rand*, 2010 WL 6259960, at *10 n.14 (in choosing between dismissal and conversion, courts have considered "whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise").

44. In the alternative, the UST does not object to conversion of this case, if the Court ultimately determines that such relief is in the best interests of the Debtor's creditors and the estate.

///

///

///

## IV. CONCLUSION

Based on the foregoing, the UST requests that the Court enter an order (a) granting the Motion; (b) dismissing this case, or in the alternative, converting the case to Chapter 7, if the Court ultimately determines that such relief is in the best interests of the Debtor's creditors and the estate; and (c) granting such other relief as is just under the circumstances.

Dated: January 9, 2023.

                                        Respectfully submitted,

                                        TRACY HOPE DAVIS
                                        UNITED STATES TRUSTEE

                                        By: /s/ Jason Blumberg
                                        JASON BLUMBERG
                                        Trial Attorney for the United States Trustee